Rosemary **PETRALIA**, Plaintiff—
Appellant,

v.

**AT&T GLOBAL INFORMATION SOLUTIONS COMPANY, etc., et al., Defendants—Appellees.**

No. 96–2007.

United States Court of Appeals,
First Circuit.

Heard May 6, 1997.

Decided June 12, 1997.

---

James A. Fuller, Boston, MA, for appellant.

John A. Houlihan, with whom Edwards & Angell, Boston, MA, was on brief, for appellees.

Before BOWNES and CYR, Senior Circuit Judges, and KEETON,* District Judge.

KEETON, District Judge.

In this proceeding we conclude that the remand order of the district court is not immediately appealable as a final judgment, and that the collateral order exception to the final judgment rule does not apply. Accordingly, we dismiss for lack of appellate jurisdiction.

---

* Of the District of Massachusetts, sitting by desig-

## I. Background

The case before us arose from the termination of the short-term disability benefits of the Plaintiff–Appellant, Rosemary Petralia, by the Defendants–Appellees, AT&T Global Information Solutions Company ("AT&T"), and The Employee and Group Benefit Plan for Account Managers and Sales Representatives for the Systemedia Division ("the plan").

Plaintiff-Appellant sought review of the termination in the district court. The district court granted summary judgment, in part, in favor of Petralia. Specifically, the district court found that the termination notice Defendants–Appellees provided to Petralia did not comply with requirements of the Employee Retirement and Income Security Act, 29 U.S.C. §§ 1001–1461 ("ERISA"). The notice failed to inform Petralia of her right to appeal the termination, and it failed to inform her of what additional information she could provide to avoid termination. The district court determined that the proper remedy for the ERISA violations was to remand the issue of Petralia's continued eligibility for short-term benefits to the plan fiduciary.

The district court granted summary judgment in favor of Defendants–Appellees on the issue of long-term disability benefits. Since eligibility for long-term benefits is contingent upon exhaustion of short-term benefits, and the Defendants–Appellees terminated the Plaintiff-Appellant's short-term benefits before she exhausted them, the Plaintiff-Appellant has not applied for, and the Defendants–Appellees have not denied, long-term benefits. Plaintiff–Appellant requests that this court vacate the remand order of the district court, and use its equitable powers to reinstate the Appellant to the plan retroactively and to award past and future long-term disability benefits to the Appellant.

## II. Appellate Jurisdiction

Before we inquire into the merits of a dispute, we must address the question of appellate jurisdiction. *Doughty v. Underwriters at Lloyd's, London (In re Wallis)*, 6 F.3d 856, 860 (1st Cir.1993). There is a

---

nation.

"bedrock requirement that jurisdiction can never be assumed but must be premised on some affirmative source." *Id.*

Generally, appellate jurisdiction is limited to review of final decisions of the district courts. 28 U.S.C. § 1291; *see Massachusetts v. V & M Management, Inc.,* 929 F.2d 830, 833 (1st Cir.1991)(per curiam).

A "collateral order" may be immediately appealable, however, if it has certain prescribed characteristics. *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 546, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949) (immediate appeal is proper if the decision of the district court "appears to fall in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated").

"[A]n order or judgment is usually considered 'final' (hence, appealable) only when it resolves the contested matter, leaving nothing to be done except execution of the judgment. A corollary rule is that an order remanding a matter to an administrative agency for further findings and proceedings is not final." *Director, Office of Workers' Compensation Programs, United States Dep't of Labor v. Bath Iron Works Corp.,* 853 F.2d 11, 13 (1st Cir.1988)(quotations, citations, and footnote omitted).

■ We think this corollary rule applies to the order remanding this case to the plan administrators. *See, e.g., Shannon v. Jack Eckerd Corp.,* 55 F.3d 561, 563 (11th Cir. 1995). The district court sent the present case back to the plan administrators to determine "the issue of [Appellant's] continued eligibility for short-term benefits." *Petralia v. AT&T Global Info. Solutions Co.,* No. 94–533–M (D.N.H. July 29, 1996) (order remanding case to plan administrators). The district court stated in its order: "[The plan] shall afford Ms. Petralia a full opportunity under the plan's terms to establish her continued eligibility for short-term benefits, as of the time of improper termination, which of course will require an assessment of whatever evidence she might present to establish her continued eligibility." *Id.* Rather than "leaving nothing to be done," the district

court *required* further proceedings and findings on remand. Applying the standard cited above to the remand order in this case, we conclude that the order is not a final judgment. Therefore, 28 U.S.C. § 1291 does not confer appellate jurisdiction over this case.

■ The "collateral order" doctrine developed in *Cohen* and later decisions does not apply in the circumstances of this case. That doctrine is, in essence, "a 'narrow exception to the normal application of the final judgment rule,'" prescribed in 28 U.S.C. § 1291. *Doughty,* 6 F.3d at 862 (*quoting Midland Asphalt Corp. v. United States,* 489 U.S. 794, 798, 109 S.Ct. 1494, 1498, 103 L.Ed.2d 879 (1989)). The collateral order doctrine is "limited to orders that (1) conclusively determine (2) important legal questions which are (3) completely separate from the merits of the underlying action and are (4) effectively unreviewable on appeal from a final judgment." *Doughty,* 6 F.3d at 862.

■ The issue remanded to the plan in this case is *not* collateral; Petralia's continued eligibility for benefits, the issue remanded to the plan, is the very heart of this case. Consequently, the issue is effectively reviewable on appeal from a final judgment, and the rationale of the collateral order doctrine does not apply to this case. Moreover, the issue has not been conclusively determined below, as required by the first prong of the collateral order doctrine. "[T]o come within the collateral order rule, a decree must definitively resolve the merits of the collateral issue, not merely determine which court will thereafter resolve it." *Id.* at 863. Because the order of the district court did not conclusively determine a legal question separate from the merits of the underlying action, and the issue remains subject to review on appeal from a final judgment, we conclude that the collateral order exception to the final judgment rule does not apply to this case.

### III. Mandamus or Other Prerogative Writ

The initial briefs of the parties having failed to address the issue of appellate jurisdiction, the Panel questioned counsel about jurisdiction and allowed the filing of Supplemental Briefs. Appellees acknowledged lack of appellate jurisdiction. In her Supplemental Brief, Appellant argues that in *Gillespie v. United States Steel Corp.,* 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964), the Court

recognized "what might well be called the 'twilight zone' of finality," *id.* at 152, 85 S.Ct. at 311, and asks us to take jurisdiction on the ground that otherwise Rosemary Petralia may be "forever foreclosed" from appellate review of "the proof of her [claim of] chronic fatigue syndrome." Supplemental Brief of Plaintiff/Appellant at 4. Although this request in the Supplemental Brief was not in the form of a petition for a prerogative writ, in the interests of assurance of fair process we address the request as if it were so designated.

A writ of mandamus "must be used stintingly and brought to bear only in extraordinary situations." *Doughty, supra,* 6 F.3d at 865. To show grounds for such extraordinary relief here, Rosemary Petralia would be required to demonstrate that the remand order was palpably erroneous *and* that she faces a special risk of irreparable harm. *Id.* Plaintiff–Appellant has not made this showing since, as noted above, issues regarding her proof of her claim of chronic fatigue syndrome remain effectively reviewable on appeal from a final judgment, after one is ordered and entered. *See id.* at 866.

### IV. Retention of Jurisdiction in the District Court

Ordinarily implicit in a district court's order of remand to a plan fiduciary is an understanding that after a new decision by the plan fiduciary, a party seeking judicial review in the district court may do so by a timely motion filed in the same civil action, and is not required to commence a new civil action. To avoid any misunderstanding that might otherwise occur, we state that we interpret the order of the district court in this case as having retained jurisdiction, in this sense, to hear and decide any timely motion for judicial review filed after further proceedings before the plan fiduciary. This is so regardless of whether the case is formally held open or instead administratively closed on the district court docket in the meantime.

### V. Conclusion

Having determined that the remand order of the district court is not a final judgment, that the collateral order doctrine does not apply to the decision of the district court remanding an issue to the plan administrators, and, that a prerogative writ is not warranted, we dismiss the appeal for lack of jurisdiction.

So ordered. Costs are awarded to Appellees.