RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2004 FED App. 0109P (6th Cir.)
File Name: 04a0109p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────

JESSE M. BOWERS,
    *Plaintiff-Appellee,*

    *v.*       No. 02-6290

SHEET METAL WORKERS'
NATIONAL PENSION FUND,
    *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
No. 01-00488—Todd J. Campbell, District Judge.

Submitted: March 16, 2004

Decided and Filed: April 16, 2004

Before: NORRIS and COLE, Circuit Judges;
ECONOMUS, District Judge.[*]

─────────────

[*] The Honorable Peter C. Economus, United States District Judge for the Northern District of Ohio, sitting by designation.

─────────────

## COUNSEL

**ON BRIEF:** Stephen Mark Rosenblatt, Jonathan J. Boyles, SHEET METAL WORKERS NATIONAL PENSION FUND, Alexandria, Virginia, for Appellant. Peter T. Skeie, PETER SKEIE, ATTORNEY AT LAW, Nashville, Tennessee, for Appellee.

─────────────

## OPINION

─────────────

ALAN E. NORRIS, Circuit Judge. This appeal presents a question of first impression for this court: In a case premised upon a claim for disability benefits under a pension plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA"), is an order by a district court remanding the case to the plan administrator for a determination of the claimant's eligibility a final decision under 28 U.S.C. § 1291? Because we conclude that such an order is not a final decision, we dismiss for lack of appellate jurisdiction.

### I.

Plaintiff Jesse M. Bowers brought suit against his pension provider, defendant Sheet Metal Workers' National Pension Fund ("NPF"), challenging its determination that he was ineligible for disability benefits under the pension plan. Bowers moved for judgment on the administrative record, contending that NPF's determination was arbitrary and capricious because it did not apply the definition of disability specified in the plan. The district court agreed and granted Bowers' motion for judgment on the administrative record.

After requesting and receiving further briefing from the parties on the question of a remedy, the court issued an order remanding Bowers' claim to NPF's plan administrator for a determination of Bowers' eligibility for benefits under the correct disability definition. The order was stamped with a statement indicating that it was "entered on the docket in compliance with Rule 58 and/or Rule 79(a)." NPF attempts to appeal from this order.

## II.

On appeal, NPF asserts that this court has jurisdiction under 28 U.S.C. § 1291, which grants courts of appeal subject matter jurisdiction over final decisions of district courts. Bowers argues that we lack subject matter jurisdiction because an order remanding a claim to a plan administrator for a determination of the merits of the claim does not constitute a final decision. We agree with Bowers.

Typically, "where assessment of damages or awarding of other relief remains to be resolved, [an order is not] considered to be 'final' within the meaning of 28 U.S.C. § 1291." *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 744 (1976). The district court's order merely vacated NPF's eligibility determination; it did not resolve the ultimate question of whether Bowers is eligible for benefits. Accordingly, the order would not typically be considered a final decision.

NPF argues that the order constituted a final decision because future circumstances may prevent NPF from challenging it. Specifically, NPF contends that if Bowers does not challenge the eligibility decision that NPF renders following the remand, it would not be able to challenge the order in a later proceeding because it would be challenging its own eligibility determination. We share NPF's concern, but we do not believe that it renders the district court's order appealable.

The First Circuit was faced with a similar situation in *Petralia v. AT&T Global Information Solutions, Inc.*, 114 F.3d 352 (1st Cir. 1997). In that case, the district court had remanded a benefits claim to an ERISA plan administrator to examine evidence demonstrating eligibility. The First Circuit concluded that the order did not constitute a final decision because it left the merits undecided. However, to prevent the plan administrator from losing the opportunity to challenge the trial court's decision in a later proceeding, the court concluded that the remand order had to be interpreted to allow either party to challenge the ensuing eligibility determination by motion before the same court:

> Ordinarily implicit in a federal district court's order of remand to a plan fiduciary is an understanding that after a new decision by the plan fiduciary, a party seeking judicial review in the district court may do so by a timely motion filed in the same civil action, and is not required to commence a new civil action. To avoid any misunderstanding that might otherwise occur, we state that we interpret the order of the district court in this case as having retained jurisdiction, in this sense, to hear and decide any timely motion for judicial review filed after further proceedings before the plan fiduciary. This is so regardless of whether the case is formally held open or instead administratively closed on the district court docket in the meantime.

*Id*. at 354. We interpret the district court's order in the case at bar in the same way, permitting either party to challenge the eligibility determination that the plan administrator renders on remand.[1]

---

[1] Two other circuits have concluded that in cases where a district court explicitly retains jurisdiction over a case it remands to a plan administrator, the order remanding the case does not constitute a final decision. *See Rekstad v. First Bank Sys., Inc.*, 238 F.3d 1259, 1262 (10th

We note that two other circuits have issued decisions that come to the opposite conclusion regarding the appealability of orders remanding benefits determinations to ERISA plan administrators. *See Hensley v. Northwest Permanente P.C. Retirement Plan & Trust*, 258 F.3d 986 (9th Cir. 2001); *Perlman v. Swiss Bank Corp. Comprehensive Disability Prot. Plan*, 195 F.3d 975 (7th Cir. 2000). Those decisions conclude that, because orders remanding administrative benefit determinations to administrative agencies are appealable, orders remanding pension benefit determinations to ERISA plan administrators should be appealable too. *Hensley*, 258 F.3d at 993-94; *Perlman*, 195 F.3d at 979-80. In *Perlman*, the Seventh Circuit relied specifically upon the similarity between remands to plan administrators in ERISA cases and remands to the Commissioner of Social Security in social security cases. *Perlman*, 195 F.3d at 979. However, as noted in *Perlman*, 42 U.S.C. § 405(g) specifically grants courts of appeals jurisdiction over orders remanding social security claims to the Commissioner. *Id*. at 978. No statutory language permits similar appeals under ERISA. The existence of language authorizing appeals from remand orders under the social security laws implies that those orders would not constitute final decisions under 28 U.S.C. § 1291. In the absence of a statutory grant of jurisdiction, this court declines to expand its jurisdiction by analogy.

### III.

For the foregoing reasons, the appeal is **dismissed** for lack of jurisdiction.

---

Cir. 2001) (stating that the district court "expressly stated that either party may obtain review of the administrator's determination simply by filing a motion"); *Shannon v. Jack Eckerd Corp.*, 55 F.3d 561, 563 (11th Cir. 1995) (stating that the district court "retain[ed] jurisdiction, . . . indicat[ing] that further action is required").