**Anthony VIGLIETTA, Plaintiff–Appellant,[1]**

v.

**METROPOLITAN LIFE INSURANCE COMPANY, Defendant–Appellee.**

Docket Nos. 05–5304–cv(L), 06–1321–cv(XAP).

United States Court of Appeals, Second Circuit.

Argued: June 19, 2006.

Decided: July 11, 2006.

Saul Jonathan Klein, New York, NY, for Plaintiff–Appellant (on submission).

Allan M. Marcus, Lester Schwab Katz & Dwyer, LLP, New York, NY, for Defendant–Appellee.

Before POOLER, WESLEY and MICHEL,[2] Circuit Judges.

PER CURIAM.

Facing numerous health problems, Anthony Viglietta discontinued his employment as a Vice President in Credit Suisse First Boston's real estate finance department in February 2003, and applied for long-term disability benefits. Metropolitan Life Insurance Company ("Met Life"), the plan administrator, found Mr. Viglietta ineligible for benefits on March 18, 2004. Mr. Viglietta appealed to the United States District Court for the Southern District of New York, which found the record unclear as to which of two position descriptions Met Life had used in reaching its decision and remanded to the claims administrator for reconsideration of eligibility under the correct position description. *Viglietta v. Metro. Life Ins. Co.,* No. 04 Civ. 3874 (S.D.N.Y. Sept. 2, 2005). This appeal followed.

We hold that the district court's order remanding Mr. Viglietta's claim is not a final judgment, as required for this court's jurisdiction to arise under 28 U.S.C. § 1291, and we therefore must dismiss the appeal for lack of jurisdiction. *See Citizens Accord, Inc. v. Town of Rochester,* 235 F.3d 126, 128 (2d Cir.2000) (per curiam). The Courts of Appeals disagree on whether a remand to a claims administrator under the Employee Retirement In-

---

**1.** We direct the clerk to change the official caption to comport with this decision.

**2.** The Honorable Paul R. Michel, Chief Judge of the United States Court of Appeals for the Federal Circuit, sitting by designation.

come Security Act of 1974 ("ERISA"), 88 Stat. 829, as amended, 29 U.S.C. §§ 1001 et seq., is *ever* a final decision by the district court, and this is currently an open question in this circuit. The Courts of Appeals for the Seventh and Ninth Circuits each permit an immediate appeal in certain circumstances, neither of which this circuit has yet addressed. However, we need not do so today because the remand order *here* would not be appealable at this juncture under the case law of this or any other circuit.

The Ninth Circuit analyzes the appealability of ERISA remands in the same way that it analyzes the appealability of remands to administrative agencies. *See Rendleman v. Shalala*, 21 F.3d 957, 959 & n. 1 (9th Cir.1994). In the Ninth Circuit, an ERISA remand order is appealable only if: "(1) the district court order conclusively resolved a separable legal issue, (2) the remand order forces the agency to apply a potentially erroneous rule which may result in a wasted proceeding, and (3) review would, as a practical matter, be foreclosed if an immediate appeal were unavailable." *Hensley v. Nw. Permanente P.C. Ret. Plan & Trust*, 258 F.3d 986, 993 (9th Cir.2001) (internal quotation marks omitted). In *Hensley*, the Ninth Circuit found an immediate appeal appropriate because the district court had decided a separable legal issue—the criteria for determining who is an "employee" under the plan. *Id.* The court explained that if the definition of "employee" was incorrect, the plan administrators would be forced to apply an erroneous rule. Moreover, the court surmised that to delay appeal may effectively foreclose review because, if the plan administrators determined that the plaintiffs were "employees" under the district court's definition, neither party would appeal, and if the plan administrators continued to exclude the plaintiffs from coverage, the plaintiffs may only challenge their

inclusion as "employees", rather than the definition of "employee" itself. *Id.* at 993–94.

Here, in contrast, no legal question has been decided by the district court. The district court simply remanded for further consideration using Mr. Viglietta's proper job description. There is no risk of the claims administrator applying a "potentially erroneous rule" because there is no dispute over the rule to be applied. Likewise, there is no danger of review being foreclosed in the future.

The other circuit permitting immediate appeals in certain circumstances, the Seventh Circuit, analyzes ERISA remands as it does remands of appeals from Social Security Administration decisions. There are two types of remands under 42 U.S.C. § 405(g) in the Social Security context. In the first, known as "sentence four" remands, the district court enters "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding for a rehearing"; the Supreme Court held this type of remand immediately appealable in *Sullivan v. Finkelstein*, 496 U.S. 617, 110 S.Ct. 2658, 110 L.Ed.2d 563 (1990). *Perlman v. Swiss Bank Corp. Comprehensive Disability Prot. Plan*, 195 F.3d 975, 978 (7th Cir.1999) (quoting 42 U.S.C. § 405(g)). In the second type, known as "sentence six" remands, the court does not enter judgment as to the propriety of the Commissioner's decision, and instead remands for the receipt of new evidence; this type of remand is "not final or appealable because no adjudication has taken place." *Id.* In *Perlman*, the Seventh Circuit entertained the appeal immediately because the district court's remand was based on a finding of legal error rather than new evidence. *Id.* at 979.

Here, the district court did *not* find the denial of benefits to be erroneous. Nor did it find an error of law embedded in the denial. Rather, it found the factual record unclear as to whether Met Life had considered Mr. Viglietta's correct job description while applying the correct and undisputed legal standard. Accordingly, the court ordered the equivalent of a sentence-six remand for the consideration of new evidence, which, even under the Seventh Circuit test, would not be appealable.

We therefore dismiss the appeal for lack of jurisdiction. Met Life's motion to file a late brief in the cross-appeal is denied as moot.