468 F.3d 117
 Helen NELSON, Respondent-Plaintiff-Appellant,
v.
UNUM LIFE INSURANCE COMPANY OF AMERICA, Defendant-Cross-Defendant-Appellee,
Jostens, Inc., Movant-Defendant-Cross-Claimant-Appellee.
Docket No. 06-2411-cv.
 United States Court of Appeals, Second Circuit.
 Submitted: October 24, 2006.
 Decided: November 6, 2006.
 
 Harriet N. Boxer, New York, NY, for Respondent-Plaintiff-Appellant.
 Steven W. Wilson, Briggs and Morgan, P.A., St. Paul, Minnesota, for Movant-Defendant-Cross-Claimant-Appellee.
 Before: WINTER, McLAUGHLIN, and STRAUB, Circuit Judges.
 PER CURIAM:
 
 
 1
 Jostens, Inc. moves to dismiss Helen Nelson's appeal on the ground that we lack appellate jurisdiction because the district court's ruling was not a final decision. We conclude that Judge Trager's decision constituted a final judgment and, therefore, we have jurisdiction. Accordingly, we deny the motion.
 
 
 2
 We recount here only those facts necessary to the resolution of the instant motion.
 
 
 3
 Helen Nelson brought this action against Unum Life Insurance Company of America ("Unum"), alleging that Unum had improperly denied her disability claim. At the same time, she pressed state and common law claims against her employer, Jostens. These latter claims arose from the same denial of benefits and may or may not involve a claim for damages for items beyond those included in the long term disability benefits she seeks, an issue disputed in the district court. In response, Jostens filed a cross-claim against Unum seeking indemnity for any damages Nelson might recover against Jostens as a result of a wrongful denial of benefits by Unum.
 
 
 4
 Judge Trager dismissed all of Nelson's state and common law claims against Jostens as preempted by the Employee Retirement Income Security Act ("ERISA"). In his order, Judge Trager also held that Unum had applied the wrong standard in categorizing the requirements of Nelson's occupation, and remanded the denial of benefits to Unum for reconsideration. At the end of his order, Judge Trager stated that "[t]he Clerk of the Court is directed to close the case." Nelson moved for reconsideration of the district court's dismissal of the claims against Jostens, but Judge Trager denied her motion. Jostens' cross-claim was never explicitly dismissed.
 
 
 5
 Nelson then brought this appeal from the dismissal of her claims against Jostens. Jostens filed the present motion arguing that, under 28 U.S.C. § 1291, we lack jurisdiction because the district court's remand to Unum's claim administrator and failure to dismiss Jostens' cross-claim against Unum rendered the district court's decision non-final.
 
 
 6
 Generally, an appeal may be taken only from a final decision. 28 U.S.C. § 1291. The purpose of this rule "is to provide the parties with an opportunity for a single review of all the questions raised at the trial level ... and thereby to avoid the waste of time and the delay in reaching trial finality which ensue when piecemeal appeals are permitted." Paliaga v. Luckenbach S.S. Co., 301 F.2d 403, 406-07 (2d Cir.1962). A final order is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Coopers & Lybrand v. Livesay, 437 U.S. 463, 467, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978) (quoting Catlin v. United States, 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945)). We are instructed to give Section 1291 a practical, as opposed to technical, construction. Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). All that is required is "that there be some manifestation" by the district court that it intends the decision to be its "final act in the case." Paliaga, 301 F.2d at 407.
 
 
 7
 Relying upon Viglietta v. Metropolitan Life Ins. Co., 454 F.3d 378 (2d Cir. 2006) (per curiam), Jostens argues that the remand to Unum renders the decision below non-final. Viglietta, however, is inapposite. An appeal from a remand creates a real danger of piecemeal appeals. Here, however, Nelson is not appealing from the remand to Unum (and neither is Unum); her claims against Jostens have been dismissed as preempted; and the district court has closed the case. Her appeal from the dismissal of her claims against Jostens presents no danger of piecemeal appeals, no matter what occurs on the remand. While there is a danger that some or even all of Nelson's claims against Jostens may be mooted on the remand, this risk is outweighed by the confusion that might result from our declining to hear the appeal now. Were Nelson to be denied benefits again on the remand, she would have to bring a new action in the district court. See Perlman v. Swiss Bank Corp. Comprehensive Disability Prot. Plan, 195 F.3d 975, 978-79 (7th Cir.1999) (where a district court enters a judgment on merits of the plan administrator's decision to deny benefits rather than postponing adjudication for the receipt of new evidence, the remand is equivalent to a "sentence four" remand of a Social Security Administration decision under 42 U.S.C. § 405(g), in which "any protest about the Commissioner's decision on remand requires a new suit."). She would then face a strong claim of res judicata if she reasserted her dismissed claims against Jostens. We therefore find Viglietta inapplicable.
 
 
 8
 Nor does Jostens' outstanding cross-claim against Unum render Judge Trager's order non-final. When Judge Trager dismissed Nelson's claims against Jostens, he closed the case. Jostens has shown no interest in, and has no motive for, pursuing its indemnity claim while Nelson's claims against it are dismissed. We can therefore state with assurance that no further proceeding will occur in the district court regarding any matter touching on the subject of this appeal. We therefore see no reason not to hear Nelson's appeal immediately. See Paliaga, 301 F.2d at 407. Accordingly, the motion is DENIED.