06-1706-cv
Giraldo v. Building Service 32B-J Pension Fund, et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term, 2006

(Argued: May 22, 2007                      Final Submission: May 23, 2007)
                                           Decided: September 20, 2007)

Docket No. 06-1706-cv
————————————————————————————————

LUZ M. GIRALDO,

*Plaintiff-Appellant*,

v.

BUILDING SERVICE 32B-J PENSION FUND and BOARD OF TRUSTEES OF BUILDING
SERVICE 32B-J PENSION FUND,

*Defendants-Appellees*.
————————————————————————————

Before:            WALKER and CABRANES, *Circuit Judges* and PAULEY, *District Judge*.[1]

        Luz M. Giraldo moved for an award for attorney's fees relating to an action
brought under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§
1001 et. seq.  The United States District Court for the Southern District of New York
(George B. Daniels, Judge) denied Giraldo's application.  Giraldo appealed.

                                    CHRISTOPHER P. FOLEY, McCormick
                                    Dunne & Foley, New York, NY, *for
                                    Plaintiff-Appellant*.

                                    IRA A. STURM, Raab Sturm & Goldman,
                                    LLP, New York, NY,  *for Defendants-
                                    Appellees.*

———————————————

        [1] The Honorable William H. Pauley III, United States District Judge for the Southern
District of New York, sitting by designation.

PER CURIAM:

Appellant Luz M. Giraldo is a fifty-three year old former worker in the building service industry. She was injured on the job in 1992 and ceased work in 1999. According to her physician, Dr. Slobodan Aleksic, Giraldo suffers from numerous physical ailments that render her "totally and permanently disabled for any work."

On August 26, 2002, Giraldo applied to Appellees Building Service 32B-J Pension Fund and the Board of Trustees Building Service 32B-J Pension Fund (the "Trustees") for disability benefits under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 et. seq. On January 27, 2003, Giraldo's application was denied based on an examination by another physician, Dr. Reuben S. Ingber, who concluded that she was physically capable of performing sedentary work. Giraldo filed an administrative appeal of the denial of benefits on July 3, 2003. On December 8, 2003, after Giraldo refused to undergo a psychiatric examination, her appeal was denied.

On May 12, 2004, Giraldo filed an action in the United States District Court for the Southern District of New York seeking a reversal of the denial of benefits (the "May Action"). After discovery, the parties cross-moved for summary judgment. In an eleven-page Memorandum Decision and Order dated February 16, 2006, the district court denied the Trustees' motion and granted Giraldo's motion in part. Specifically, the district court found that the underlying record was not developed sufficiently to grant summary judgment to either party. However, the district court determined that Giraldo's application had not received the "full and fair review" required by 29 U.S.C. § 1133(2). The district court remanded the action "so that the Trustees can afford plaintiff's application the 'full and fair review' required . . . . On remand, in

2

addition to making specific findings as to plaintiff's physical disability and the type(s) of sedentary job(s) she could or could not perform, the Trustees should separately evaluate whether or not her mental condition would otherwise merit a finding of complete disability." Importantly, when the district court remanded the action, it did not close the case.

Thereafter, Giraldo sought an award of attorney's fees and costs from the district court pursuant to 29 U.S.C. § 1132(g)(1). The district court denied the application in a one-sentence order dated March 10, 2006 (the "Order"). Giraldo timely appealed the denial of attorney's fees. Meanwhile, on October 23, 2006, the Trustees again denied Giraldo's claim for benefits on remand. Giraldo then filed a new action in the United States District Court for the Southern District of New York (the "October Action"), seeking to appeal the Trustees' October denial of benefits. The district judge accepted that case as related to the May Action. At oral argument of the instant appeal, the Trustees indicated their intention to move to dismiss the October Action because of the pendency of the May Action.

I. Appeals from ERISA Remands

28 U.S.C. § 1291 provides, in relevant part: "The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . ." Thus, "[f]ederal appellate jurisdiction generally depends on the existence of a decision by the District Court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Coopers & Lybrand v. Livesay, 437 U.S. 463, 467 (1978) (internal quotation marks omitted).

We have yet to decide whether a remand to an ERISA plan administrator is a "final decision[]" for purposes of § 1291. See Zervos v. Verizon N.Y., Inc., 277 F.3d 635, 646 &

3

n.8 (2d Cir. 2002) ("We do not reach the issue of whether a remand to a[n] [ERISA] plan administrator is a final judgment within the meaning of 28 U.S.C. § 1291."); Crocco v. Xerox Corp., 137 F.3d 105, 108 (2d Cir. 1998) (noting "we have not yet had occasion to rule on" the issue). Other circuits have split on the issue: the Seventh and Ninth Circuits hold that appeals may be appropriate in certain circumstances, see Hensley v. Northwest Permanente P.C. Ret. Plan & Trust, 258 F.3d 986, 992-93 (9th Cir. 2001); Perlman v. Swiss Bank Corp. Comprehensive Disability Prot. Plan, 195 F.3d 975, 979-80 (7th Cir. 1999), while the First, Sixth and Eleventh Circuits bar all such appeals, see Petralia v. AT&T Global Info. Solutions Co., 114 F.3d 352, 353-54 (1st Cir. 1997); Bowers v. Sheet Metal Workers' Nat'l Pension Fund, 365 F.3d 535, 536 (6th Cir. 2004); Shannon v. Jack Eckerd Corp., 55 F.3d 561, 563 (11th Cir. 1995) (per curiam).

In Viglietta v. Metropolitan Life Ins. Co., 454 F.3d 378, (2d Cir. 2006), we dismissed an appeal after concluding that a remand to the claims administrator to clarify the factual record and for reconsideration in light of additional findings "was not appealable under the case law of this or any other circuit." The Order challenged by Giraldo, like the remand examined in Viglietta, is similarly unappealable under any established body of case law. Thus, as in Viglietta, we need not decide whether to adopt (1) the majority position denying jurisdiction over appeals of remand orders or (2) the rules established by the Seventh or Ninth Circuits.

A. Seventh Circuit Rule

The Seventh Circuit analyzes ERISA remands as if they were remands of appeals from Social Security Administration decisions. There are two types of remands under 42 U.S.C.

4

§ 405(g) in the Social Security context. In the first, known as "sentence four" remands, the district court enters "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding for a rehearing." Perlman, 195 F.3d at 978 (quoting § 405(g)). The Supreme Court has held that this type of remand is immediately appealable. Sullivan v. Finkelstein, 496 U.S. 617 (1990). In the second, known as "sentence six" remands, the court does not enter judgment as to the propriety of the Commissioner's decision, but instead remands for the receipt of new evidence. This type of remand is "not final or appealable because no adjudication has taken place." Perlman, 195 F.3d at 978.

This case would fall squarely into the second – sentence six – category because the district court's summary judgment order remanded the case and directed the Trustees to develop the factual record and to provide reasons for their decision. In view of the fact that there was no "judgment affirming, modifying, or reversing the decision" of the Trustees, Perlman, 195 F.3d at 978, the Order denying attorney's fees would not be eligible for appeal under the Seventh Circuit rule.

B. Ninth Circuit Rule

In the Ninth Circuit, an ERISA remand order is appealable only if: (1) the district court order conclusively resolved a separable legal issue, (2) the remand order forces the agency to apply a potentially erroneous rule which may result in a wasted proceeding, and (3) review would, as a practical matter, be foreclosed if an immediate appeal were unavailable. Hensley, 58 F.3d at 993.

Giraldo contends that the district court's summary judgment order directing the Trustees to consider her "age, skills and education" constituted a "separable legal issue" that would be eligible for appeal in the Ninth Circuit. But because Giraldo seeks to appeal only the Order denying her motion for attorney's fees, the Ninth Circuit rule – even if it were adopted by us – does not apply. Moreover, there would be no jurisdiction even if the Hensley factors did apply. The district court has not required the Trustees to apply a different rule from the one they applied in the initial administrative proceedings; the remand only seeks further development of the factual record. See Viglietta, 454 F.3d at 379. Accordingly, in view of the fact that the district court's ruling is not eligible for immediate appeal under either the Seventh or Ninth Circuit tests, we conclude that the Order is not a final judgment appealable under § 1291.

II. The Collateral Order Doctrine

In the alternative, Giraldo, relying on Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949), argues that the district court's denial of attorney's fees is appealable under the "collateral order" doctrine. "[T]he award of attorney's fees, although not a final order . . . falls within the 'collateral order' doctrine, and thus is appealable." McGill v. Secretary of Health and Human Services, 712 F.2d 28, 29 (2d Cir. 1983). Under Cohen, orders determining issues independent of the rights asserted in the action, and "separable from, and collateral to" those rights, are appealable under § 1291 before final judgment is entered. Cohen, 337 U.S. at 546. In Coopers & Lybrand, 437 U.S. at 468, the Supreme Court has noted that to be appealable under the collateral order doctrine, the order "must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." See also McGill, 712 F.2d at 29.

6

Notwithstanding McGill, the Order denying attorney's fees is not "effectively unreviewable on appeal from a final judgment." Coopers & Lybrand, 437 U.S. at 468. McGill concluded that a grant of attorney's fees "may later prove to be unreviewable on appeal from a final judgment because, if plaintiff is awarded benefits at the administrative level or chooses not to seek review of a denial of benefits, there will be no further judicial proceedings on which to base a later appeal." McGill, 712 F.2d at 29-30. Here, however, Giraldo's case remains open in the district court. Now that the Trustees have denied her application for benefits on remand, she may easily bring her second denial before the district court and, following the district court's final judgment on that denial, appeal any outstanding issue of attorney's fees. Should Giraldo choose to terminate this litigation without judicial review of the second denial, she cannot complain that she was unable to appeal the denial of attorney's fees. Accordingly, the collateral order doctrine is inapplicable.

*       *       *       *       *

For the foregoing reasons, the appeal is dismissed for lack of appellate jurisdiction.

7