Dora **TAIFER,** Lizzie **Young,**
**Plaintiffs,**

v.

The **TOWN OF CLARKSTOWN,** New York, Police Officer Alice Laschet, The Town of Clarkstown Police Department, Defendants–Cross–Claimants–Cross–Defendants–Appellants,

v.

Catherines Stores Corporation, a division of Charming Shoppes, Inc., Julian Brown, The Village of Spring Valley, New York, Police Officer Joseph B. Brown, (Shield 598), Police Officer Rony Charles, Police Officer John Kelly, Sgt. Peter Russell, The Village of Spring Valley Police Department, Defendants–Cross–Claimants–Cross–Defendants–Appellees.

No. 08–2709–cv.

United States Court of Appeals,
Second Circuit.

May 15, 2009.

Opinion, 2009 WL 1285036, amended and superseded.

Joseph A. Maria, White Plains, NY, for Appellants.

Peter J. Madison, New York, NY, for Catherines Stores Corporation and Julian Brown.

Brian S. Sokoloff, Sokoloff Stern, LLP, Mineola, NY, for Village of Spring Valley, Police Officers Joseph B. Brown, Rony Charles, and John Kelly, Sergeant Peter Russell, and the Village of Spring Valley Police Department.

PRESENT: RALPH K. WINTER, JOSÉ A. CABRANES, and SONIA SOTOMAYOR, Circuit Judges.

**AMENDED SUMMARY ORDER**

Appellants Town of Clarkstown, Police Officer Alice Laschet, and Town of Clarkstown Police Department (collectively, the "Town") appeal from an order (1) dismissing their cross-claims against appellees Catherines Stores Corporation and Julian Brown (collectively, "Catherines") and appellees Village of Spring Valley, Police Officers Joseph B. Brown, Rony Charles, and John Kelly, Sergeant Peter Russell, and the Village of Spring Valley Police Department (collectively "Spring Valley"); and (2) imposing sanctions on the Town's counsel for misleading the Court and the parties, and for unreasonably multiplying the

proceedings. *See Taifer v. Catherines*, No. 06 Civ. 2976 (S.D.N.Y. filed May 28, 2008). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

Pursuant to statute, we have jurisdiction to review "final decisions of the district courts." 28 U.S.C. § 1291. "A final decision ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *In re World Trade Ctr. Disaster Site Litig.*, 521 F.3d 169, 178 (2d Cir.2008) (internal quotation marks omitted). The order at issue here is not a final decision on the merits because the District Court has yet to rule on plaintiffs' claims against the Town. This order also does not fall within the class of interlocutory decisions that are immediately appealable pursuant to 28 U.S.C. § 1292(a). The Town does not contend, nor does the record indicate, that the District Court has recommended an interlocutory appeal under 28 U.S.C. § 1292(b). We therefore perceive no statutory basis for the assertion of jurisdiction over this appeal.

It is true that some orders are immediately appealable—even though they are neither final decisions on the merits, nor interlocutory orders set forth in § 1292(a)—pursuant to the collateral order doctrine. This doctrine applies in cases where an appellant seeks review of an order that (1) is "effectively unreviewable on appeal from a final judgment; (2) conclusively determine[s] the disputed question; and (3) resolve[s] an important issue completely separate from the merits of the action." *In re World Trade Ctr. Disaster Site Litig.*, 521 F.3d at 179 (internal quotation marks and citation omitted). The order at issue here is not such an order because both the dismissal of the Town's

cross-claims and the imposition of sanctions against the Town's lawyer can be reviewed on appeal from a final judgment in this action. *See Giraldo v. Bldg. Serv. 32B–J Pension Fund*, 502 F.3d 200, 203 (2d Cir.2007).

Among the issues raised by appellants is a challenge to the imposition of sanctions in this case. While we have no jurisdiction to consider the matter, we note that the record does not reflect a basis for the imposition of sanctions. The District Court might wish to clarify the grounds for its decision in the course of further proceedings in this action.

For the forgoing reasons, we lack jurisdiction over this appeal, and it is therefore DISMISSED. The mandate shall issue forthwith.