# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2517

_____

Lisa Gerhardt,                          *
                                        *
            Appellee,                   *
                                        *   Appeal from the United States
     v.                                 *   District Court for the
                                        *   Eastern District of Arkansas.
Liberty Life Assurance Company of       *
Boston; Universal Health Services,      *
Inc; UHS of Delaware, Inc.;             *
Bridgeway, Inc.,                        *
                                        *
            Appellants.                 *

_____

Submitted: March 12, 2009
Filed: July 23, 2009

_____

Before SMITH, GRUENDER, and BENTON, Circuit Judges.

_____

SMITH, Circuit Judge.

Lisa Gerhardt sought judicial review of the termination of her long-term disability benefits claim by Liberty Life Assurance Company of Boston, Universal Health Services, Inc., UHS of Delaware, Inc., and The Bridgeway, Inc. (collectively "Liberty"). The district court reversed Liberty's decision that Gerhardt was no longer eligible for long-term disability benefits and remanded the claim to Liberty for further proceedings consistent with the district court's opinion. Liberty appealed. In response, Gerhardt filed a motion to dismiss the appeal, arguing that the district court's decision

to remand the claim to Liberty was not a "final decision" under 28 U.S.C. § 1291 and thus is not reviewable on appeal. We agree and accordingly dismiss the appeal for lack of jurisdiction.

## I. *Background*

Gerhardt filed suit against Liberty under the Employee Retirement Income Security Act of 1974 (ERISA), seeking review of Liberty's adverse determination on her claim for long-term disability benefits. Thereafter, Gerhardt filed her brief for judgment on the record, asking the district court to restore her benefits and require Liberty to provide other requested relief. Liberty filed its response to Gerhardt's brief for judgment on the record, asking the court to dismiss Gerhardt's complaint and enter judgment in its favor.

The district court ultimately reversed Liberty's disability denial decision and remanded the claim to Liberty for further proceedings. The district court instructed Liberty to "consider not only Gerhardt's physical impairments, but also her mental impairments, the side effects of any necessary medications, her age, and other considerations contained in the administrative record." The district court also directed the parties "to consider obtaining a new transferable skills analysis report."

Subsequently, Liberty filed its notice of appeal, claiming that we have subject matter jurisdiction over a final judgment of the district court pursuant to 28 U.S.C. § 1291.

## II. *Discussion*

In support of her motion to dismiss the appeal, Gerhardt asserts that the district court's decision to remand the claim to Liberty was not a "final decision" under § 1291 and thus is not reviewable on appeal. According to Gerhardt, the district court entered an opinion and order reversing Liberty's determination, remanding the claim to Liberty for further proceedings consistent with the opinion, and stating that Liberty

should consider various factors outlined in the opinion. As a result, the district court's order and judgment do not meet the collateral order standard and therefore may not be immediately appealed. In support of her argument, Gerhardt cites *Borntrager v. Central States, Southeast & Southwest Areas Pension Fund*, 425 F.3d 1087 (8th Cir. 2005).

In response, Liberty argues that the district court's order is a "final order" and directs this court's attention to *Chronister v. Baptist Health*, 442 F.3d 648 (8th Cir. 2006), in which we considered an appeal from a district court's order remanding a benefits claim to an administrator without discussing whether jurisdiction existed under § 1291. In addition, Liberty asserts that *Borntrager* is inapposite because, in that case, the district court remanded the claim specifically for the purpose of developing the record to assist the district court in reaching a final decision, which is not the case here. Liberty maintains that, in the present case, the decision remanding the claim, together with the district court's instructions, is the final decision. In support of this conclusion, Liberty points out that the district court did not indicate that it was retaining any jurisdiction and that the opinion and order of the court does not contemplate its further involvement.

"The circuit courts have jurisdiction over 'final decisions of the district courts.'" *Borntrager*, 425 F.3d at 1090 (quoting 28 U.S.C. § 1291).

> In general, an interlocutory order may not be appealed unless it includes the grant or denial of an injunction, § 1292(a)(1); or the district court has certified a controlling issue of law under § 1292(b); or the court has directed entry of a partial final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure; or the order is appealable as a final order under the judicially created collateral order doctrine.

*Id.*

"A number of our sister circuits have held that an order remanding to an ERISA plan administrator for further proceedings is interlocutory in nature and therefore not immediately appealable, particularly when the district court retained jurisdiction or otherwise deferred considering the merits of the administrator's decision being reviewed." *Id.* (citing *Bowers v. Sheet Metal Workers' Nat'l Pension Fund*, 365 F.3d 535, 537, & 537 n.1 (6th Cir. 2004); *Rekstad v. First Bank Sys., Inc.*, 238 F.3d 1259, 1262 (10th Cir. 2001); *Williamson v. Unum Life Ins. Co. of Am.*, 160 F.3d 1247, 1250–52 (9th Cir. 1998); *Petralia v. AT & T Global Info. Solutions, Inc.*, 114 F.3d 352, 354 (1st Cir. 1997); *Shannon v. Jack Eckerd Corp.*, 55 F.3d 561, 563 (11th Cir. 1995)).

Gerhardt relies mainly on *Borntrager* in support of her position that this court lacks jurisdiction because the district court's order was not a "final order" for purposes of § 1291. In *Borntrager*, employers and union members brought an ERISA action against a multi-employer pension fund. *Id.* at 1088. The pension fund expelled the employers for violating its "adverse selection" policy, and the employers and union members filed suit, seeking an order declaring that the employers were wrongfully expelled and other relief. *Id.* The pension fund moved to dismiss the complaint, arguing that the district court lacked jurisdiction over the wrongful expulsion claim. *Id.* The district court denied the motion and remanded the matter to the pension fund's trustees "for further development of the record" and ordered the pension fund's trustees "'to allow the plaintiffs discovery' on the adverse selection issue." *Id.* Specifically, the district court remanded the matter "'for consideration of all relevant documents relating to UPS' alleged violation of defendant's adverse selection policy and to allow the plaintiffs discovery on this issue.'" *Id.* at 1090. The pension fund filed an appeal to this court, and the employers and union members filed a motion to dismiss the appeal on the ground that the order was not a final decision under either § 1291 or the collateral order doctrine. *Id.* at 1088.

On appeal, the pension fund argued that this court had jurisdiction under § 1291 because the district court's remand order was final, as the "order d[id] not state the court was retaining jurisdiction, and the Clerk of Court entered a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure." *Id.* at 1090–91. We disagreed, explaining that "[a] final judgment is one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Id.* at 1091 (internal quotations and citation omitted). We stated:

> The district court's remand and discovery order does not meet this test. The court did not resolve the merits of the wrongful expulsion dispute, the claims of the individual employees, or CRST's claim for reimbursement of withdrawal liability paid. Indeed, the court expressly stated it was remanding for "further development of the record . . . in order for this court to conduct a proper review of the defendant's decision to expel CRST." Thus, there is lacking here the requisite "clear and unequivocal manifestation by the trial court" that its order is the end of the case. *Minnesota v. Kalman W. Abrams Metals, Inc.*, 155 F.3d 1019, 1023 (8th Cir. 1998). The Clerk's entry of a Rule 58 judgment does not alter the interlocutory nature of the remand order. *See Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 96 S. Ct. 1202, 47 L. Ed. 2d 435 (1976); *Edgewater Found. v. Thompson*, 350 F.3d 694, 697 (7th Cir. 2003).

*Id.*

Next, the pension fund argued that this court "should treat the remand order as final" because it was "in a position where it may never receive appellate review of the district court's decision." *Id.* We recognized that some of the other circuits have held that orders remanding to "administrative agencies are appealable final orders in certain exceptional circumstances." *Id.* For example, the Ninth Circuit "considers such an order appealable when it 'resolves a separable legal issue,' an erroneous remand 'may result in a wasted [agency] proceeding,' and appeal would be foreclosed unless an immediate appeal were available." *Id.* (quoting *Rendleman v. Shalala*, 21 F.3d 957,

959 n.1 (9th Cir. 1994)) (alteration in *Borntrager*). We observed that the Ninth Circuit's test for deciding when a remand order to an agency is immediately appealable resembled the Supreme Court's collateral order doctrine "under which an interlocutory order is immediately appealable if it conclusively resolves an important issue completely separate from the merits of the action and is effectively unreviewable on appeal from a final judgment." *Id*. at 1091–92 (internal quotations, alterations, and citation omitted). We also noted that

> the Supreme Court has stressed that the collateral order doctrine remains a "narrow exception" that should "never be allowed to swallow the general rule that a party is entitled to a single appeal, to be deferred until final judgment has been entered, in which claims of district court error at any stage of the litigation may be ventilated."

*Id*. at 1092 (quoting *Digital Equip. Corp. v. Desktop Direct, Inc*., 511 U.S. 863, 868 (1994)).

> As a result, we concluded:

> While there may be factors unique to the world of *administrative law* that justify a somewhat broader final order exception for orders remanding to federal agencies, in our view *no such factors apply to orders remanding to private ERISA plan administrators*. Therefore, we hold that Central States must satisfy the Supreme Court's *collateral order standard* . . . to justify an immediate appeal.

*Id*. (emphasis added). Applying the collateral order standard, we held that the district court had not "conclusively resolved an important issue completely separate from the merits of the action that would be effectively unreviewable on appeal from a final judgment" for the following reasons:

First, Central States seeks to appeal the district court's assumption of jurisdiction over the wrongful expulsion claim. That issue is integral to the merits and clearly reviewable on appeal from a final judgment resolving the merits of the wrongful expulsion claim. Second, Central States challenges the district court's decision to remand, arguing that the court erred in expanding its judicial review to include arguments not made to and documents not considered by the Trustees. *Again, that issue is integral to the merits of the wrongful expulsion claim.* Without question, the record considered by the district court and the standard of review it applied are reviewable on appeal from a final judgment. *To be sure, Central States would prefer to be spared the time and expense of an erroneous remand.* However, the possibility that a ruling may be erroneous and may impose additional litigation expense is not sufficient to set aside the finality requirement imposed by Congress.

*Id*. at 1092–93 (emphasis added) (internal quotations and citations omitted).

Finally, this court rejected the pension fund's challenge to the district court's order to permit the plaintiffs discovery, as "[i]t is well-established that pre-trial discovery orders are almost never immediately appealable." *Id*. at 1093. The pension fund argued that the discovery order compelled the pension fund's trustees to include in the record documents explaining their treatment of more than 3,000 participating employers. *Id*. We found the pension fund's characterization of the order to be an "overstatement," as a district court lacks statutory authority to "compel" an ERISA plan administrator to conduct or permit discovery. *Id*. The district court's remand for further development of the record indicated that the district court would refuse to uphold the decision to expel the employer on the existing record. *Id*. But we noted that the pension fund "remain[ed] free, on remand, to confirm or reinstate the expulsion order on the existing record and then defend its decision in the district court. The issue would then be reviewable on appeal from the court's final judgment." *Id*. We then held that "[t]he fact that an interlocutory discovery order may be onerous or inconvenient does not make the order immediately appealable under the collateral order doctrine." *Id*.; *see also Graham v. Hartford Life & Accident Ins. Co.*, 501 F.3d 1153 (10th Cir.

2007) (holding that district court's order remanding an ERISA benefits determination to a plan administrator was non-final, and therefore not appealable; after the remand to plan administrator, plan participant still could appeal the district court's decision that ERISA preempted her state law claim, and if successful, she would be able to pursue punitive damage).

Liberty relies on *Chronister* in support of its argument that we have jurisdiction over the district court's remand order. Specifically, Liberty argues that *Chronister* presumed that orders remanding disability benefits claims to plan administrators are appealable. But Liberty reads too much into that decision. In that case, both the plaintiff and the defendant appealed from what this court deemed to be a "final decision of the district court" regarding the plaintiff's claim for long-term disability benefits. 442 F.3d at 649–50. After the plaintiff had exhausted her administrative remedies, she had brought suit against the defendant in state court, seeking reinstatement of her long-term disability benefits. *Id*. at 650. The defendant removed the case to federal court, alleging jurisdiction pursuant to ERISA. *Id*. The plaintiff filed a motion to remand, which the district court denied. The defendant

> then filed a motion for judgment on the ERISA record. The district court found that [the defendant's] decision denying [the plaintiff] benefits based on the self-reported symptoms limitation was not supported by substantial evidence. As such, the district court *remanded* the case to [the defendant] and directed [the defendant] to re-open the administrative record and make a new determination of the claim.
>
> Both parties asked the district court to alter or amend its judgment. [The plaintiff] asked for a trial on the merits, or in the alternative, reinstatement of benefits pending [the defendant's] further review. [The defendant] argued that the district court incorrectly applied the policy language to the facts and asked the district court to enter judgment in its favor. The district court denied both motions. Both parties appeal[ed].

*Id*. (emphasis added).

-8-

On appeal, the plaintiff argued "that the federal district court does not have jurisdiction over her claim because ERISA does not govern her claim for long-term disability benefits." *Id.* at 650–51. In the alternative, the plaintiff asserted that "if subject matter jurisdiction is present, the decision of the district court *remanding the case* to [the defendant] should be affirmed." *Id.* at 651 (emphasis added). On cross-appeal, the defendant argued that the district court "erred in reversing [the defendant's] decision on the self-reported symptoms limitation" and that the defendant's decision "to discontinue benefits was supported by substantial evidence and should have been affirmed by the district court." *Id.* In the alternative, the defendant argued that the district court "acted appropriately in remanding the case to [the defendant] for further review because the district court based its decision on [the defendant's] discretionary authority and the need for [the defendant] to exercise its discretion with respect to [the plaintiff's] disability claim." *Id.*

We first considered our "subject matter jurisdiction" over the appeal, recognizing that "federal courts have jurisdiction to hear actions brought to recover benefits under an ERISA plan." *Id.* Ultimately, we held that the district court did have subject matter jurisdiction over the appeal because the defendant's long-term disability plan was an ERISA plan, not a "church plan." *Id.* at 654. At no time did the parties raise—or this court analyze—the issue of whether we had jurisdiction over the district court's remand order.

Here, the district court's remand was not a final order under § 1291 for a number of reasons. First, as in *Borntrager*, although the district court never stated that it was retaining jurisdiction over the case, and the docket entry includes the phrase "terminating case," the judgment was not "final" because it did not end the litigation on the merits. In fact, although the district court concluded that the proper standard of review was "abuse of discretion," it never affirmatively held that Liberty abused its discretion in denying benefits. Instead, it remanded the case "for further proceedings consistent with this opinion." Thus, as in *Borntrager*, "there is lacking here the

-9-

requisite clear and unequivocal manifestation by the trial court that its order is the end of the case." 425 F.3d at 1091 (internal quotations and citation omitted).

Second, as we stressed in *Borntrager*, the collateral order doctrine is a "narrow exception" and, although there may be "factors unique to the world of administrative law" that may warrant a less restrictive application of the final judgment rule, *id*. at 1092, such is not the case here, as this was not a remand to a federal agency.

Third, the issue of what Liberty must consider on remand in reviewing Gerhardt's claim and the ultimate decision on whether Gerhardt is eligible for long-term disability benefits is "integral to the merits" of Gerhardt's claim, just as in *Borntrager*.

Fourth, neither the parties nor the district court adequately described the procedural posture of the case at the time of the remand order. *See Graham*, 501 F.3d at 1155 n.1 (noting that neither the parties nor the district court "precisely described the procedural posture of the case at the time the court rendered its decision to remand [the plaintiff's] claim"). Although Gerhardt filed a "brief for judgment on the record," no formal summary judgment motion was ever made by either party. Nor did the district court enter summary judgment in Gerhardt's favor. The district court never decided that Gerhardt was eligible for benefits; it only concluded that Liberty must consider mental impairments in conjunction with Gerhardt's physical impairments. *See id*. at 1158–59 ("The district court did not decide that [the plaintiff] was eligible for benefits. It concluded only that [the defendant's] denial of her benefits violated ERISA because [the defendant's] decision was arbitrary and capricious. [The plaintiff] articulates no argument that a remand of her benefits claim to [the defendant] falls within the practical finality exception employed by this circuit. We discern nothing on appeal that is urgent or presents a danger of injustice if not immediately appealable.") (internal quotations and citation omitted).

Fifth, we reject the argument that the district court's remand order was final because the district court entered a judgment pursuant to Federal Rule of Civil Procedure 58 and the docket entry that was administratively entered remanding the case to Liberty included the entry "terminating case." "[W]hen we question the finality of a district court's decision to remand a benefits determination to the plan administrator, we analyze the substance of the district court's decision, not its label or form." *Id.* at 1161 (internal quotations and citation omitted). "Other courts similarly have disregarded the administrative entries regarding the status of an ERISA case when it is clear that the last district court decision was not a final judgment." *Id.* (citing *Petralia*, 114 F.3d at 355; *Borntrager*, 425 F.3d at 1090–91; *Williamson*, 160 F.3d at 1253).

Finally, although Liberty is correct that *Chronister* was also an appeal from a remand order, jurisdiction pursuant to § 1291 was never at issue in *Chronister*. 442 F.3d at 651–54. Liberty seeks to transform the specific *omission* of a § 1291 jurisdiction discussion in *Chronister* over a remand order into an implicit general *holding* that this court has jurisdiction over remand orders pursuant to § 1291. We decline to read *Chronister* in that manner.

## III. *Conclusion*

Accordingly, we dismiss the appeal for lack of jurisdiction.

_____