NOT RECOMMENDED FOR PUBLICATION
File Name: 19a0611n.06

No. 19-3233

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| SHERRY LAAKE, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellee, | ) | Dec 11, 2019 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| BENEFITS COMMITTEE, WESTERN & | ) | COURT FOR THE SOUTHERN |
| SOUTHERN FINANCIAL GROUP COMPANY | ) | DISTRICT OF OHIO |
| FLEXIBLE BENEFITS PLAN, et al., | ) | |
| | ) | |
| Defendants-Appellants. | | |

BEFORE: BATCHELDER, WHITE, and MURPHY, Circuit Judges.

**HELENE N. WHITE, Circuit Judge.** Plaintiff Sherry Laake brought suit under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, against Defendants The Western & Southern Financial Group Company Flexible Benefits Plan (the "Plan") and the Benefits Committee of Western and Southern Financial Group Company Flexible Benefits Plan (collectively, "W&S"). The district court granted Laake judgment on the administrative record and remanded the matter to W&S to determine Laake's eligibility for long-term disability. W&S appeals from that order and from the district court's order granting Laake leave to file a motion for attorney fees and costs. We dismiss for lack of appellate jurisdiction.

## I.

Laake brought this ERISA action to challenge W&S's determination that she was not eligible for long-term disability benefits beyond twenty-four months. The district court held that W&S's denial was arbitrary and capricious because W&S had incorrectly applied the Plan's

provisions excluding certain conditions from coverage, its determination was premature, and it had failed to substantially comply with the requirements of 29 U.S.C. § 1133. However, because it was not clear from the record that Laake was entitled to disability benefits beyond twenty-four months, the district court remanded the matter to W&S to make an eligibility determination.

The district court denied Laake's request for attorney fees because she had not developed an argument that an award was warranted. Laake then filed a motion under Rule 59(e) asking the court to clarify and/or amend its order "to the extent necessary, for leave to move for attorney's fees and costs under ERISA." R. 30, PID 1131. The district court construed that motion as a motion for leave to file and granted it.

W&S appeals both orders.

## II.

W&S asserts that we have jurisdiction under 28 U.S.C. § 1291, which gives federal courts of appeals jurisdiction over "final decisions of the district courts." Generally, a decision is final when it "'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 373-74 (1981) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978)).

In *Bowers v. Sheet Metal Workers' National Pension Fund*, we held that a district court's order remanding an ERISA claim to the plan administrator was not a final and appealable decision. 365 F.3d 535, 535-38 (6th Cir. 2004). In that case, the district court held that the plan administrator's denial of benefits to the plaintiff was arbitrary and capricious because the administrator had failed to properly apply the plan's definition of disability. *Id.* at 536. The district court granted the plaintiff judgment on the administrative record and remanded to the plan administrator to apply the correct definition of disability. *Id.* In dismissing the appeal, this court

reasoned that because the district court had "merely vacated [the] eligibility determination" and had "not resolve[d] the ultimate question of whether [the plaintiff was] eligible for benefits," the judgment was not final. *Id.* at 536-37.

For the reasons articulated in *Bowers*, we lack subject matter jurisdiction over W&S's appeal from the district court's order granting Laake judgment on the administrative record and remanding to W&S for a new benefits determination. As in *Bowers*, the district court did not determine whether Laake is eligible for benefits beyond twenty-four months. Instead, it remanded the matter to W&S to properly apply the Plan's definition of long-term disability. Because the merits of Laake's claim have yet to be resolved, the district court's order is not a final decision. *Id.*

Relying on a footnote in *Bowers* referring to cases from our sister circuits holding that remand orders explicitly retaining jurisdiction were not final, *see id.* at 537 n.1 (citing *Rekstad v. First Bank Sys., Inc.*, 238 F.3d 1259, 1262 (10th Cir. 2001); *Shannon v. Jack Eckerd Corp.*, 55 F.3d 561, 565 (11th Cir. 1995)), W&S argues that *Bowers* applies only to ERISA remand orders that explicitly retain jurisdiction in the district court. But nowhere in *Bowers* did we suggest that our holding depended on such an explicit statement from the district court. To the contrary, we quoted from and followed *Petralia v. AT&T Global Information Solutions, Inc.*, 114 F.3d 352, 354 (1st Cir. 1997), a First Circuit case that found no appellate jurisdiction over the district court's remand order, but explicitly interpreted the order as retaining jurisdiction in order to preserve the parties' appellate rights. After following *Petralia*, the *Bowers* court noted in a footnote that other circuits have found no appellate jurisdiction where the district court explicitly retained jurisdiction. 365 F.3d at 537 n.1. Because the district court's remand order in *Bowers* did **not** explicitly retain jurisdiction, we followed *Petralia* and interpreted the order as retaining jurisdiction so that either

party would have an opportunity to challenge the ultimate decision. *Id.* at 537. Thus, we reject W&S's efforts to distinguish *Bowers*.

W&S's concern that if Laake does not challenge W&S's eligibility decision following remand W&S will have no opportunity for appellate review of the district court's remand order is properly addressed not by assuming jurisdiction where there is none, but by following *Bowers* and interpreting the district court's order to retain jurisdiction over this case so that after a final decision on remand, W&S may seek review of all the orders in the case. *Id.* (citing *Petralia*, 114 F.3d at 354).

The district court's order granting Laake leave to file a motion for attorney fees was also not a final decision. Although W&S characterizes the order as granting a motion under Rule 59(e), the district court construed Laake's Rule 59(e) motion as a motion for leave to file. This was proper because Laake's motion requested "leave to move for attorney's fees and costs under ERISA." R. 30, PID 1131. In response, the district court issued an order granting Laake leave to file a motion for attorney fees. It did not determine the merits of Laake's claim for fees. Accordingly, we lack jurisdiction to review the order. *Firestone*, 449 U.S. at 373.

## III.

For the foregoing reasons, we **DISMISS** W&S's appeal for lack of subject matter jurisdiction.