FILED
United States Court of Appeals
Tenth Circuit

October 15, 2007

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENH CIRCUIT**

---

DIANA GARNER,

      Plaintiff - Appellant/Cross-
      Appellee,

v.

US WEST DISABILITY PLAN,

      Defendant - Appellee/Cross-
      Appellant.

Nos. 06-1199 and
06-1218

---

**ORDER**

---

    Appellant's Motion for Leave to File Petition for Panel Rehearing Out of

Time is granted. The Petition for Rehearing is denied. The opinion filed

September 7, 2007, is revised and is filed nunc pro tunc to that date. The revised

opinion is attached.

                    Entered for the Court

                    Elisabeth A. Shumaker, Clerk

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 7, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DIANA GARNER,

      Plaintiff - Appellant/Cross-
Appellee,

v.

US WEST DISABILITY PLAN,

      Defendant - Appellee/Cross-
Appellant.

Nos. 06-1199 and
06-1218

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**[*]
**(D.C. NO. 05-cv-116-PSF-BNB)**

---

Submitted on the briefs:

Beth Doherty Quinn (Elizabeth I. Kiovsky with her on the brief) of Baird &
Kiovsky, LLC, Denver, Colorado, for Defendant - Appellant.

Brian A. Murphy, Brian A. Murphy & Associates, LLC, Arvada, Colorado, for
Plaintiff - Appellee.

---

    [*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed R. App. P.34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument.

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

**HARTZ**, Circuit Judge.

Diana Garner appeals and the US West Disability Plan (Plan) cross-appeals the district court's order remanding to the Plan for reconsideration the claim made by Ms. Garner under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001–1461. We dismiss the appeal for lack of jurisdiction because the order was not a final order.

## I.    BACKGROUND

Ms. Garner, who has rheumatoid arthritis, was an employee of US West (now Qwest) from 1969 to 2000. In 2000 she applied for and received short-term-disability benefits under the Plan. After these benefits were exhausted, she began receiving long-term-disability (LTD) benefits on January 29, 2001, retroactive to December 29, 2000. In 2004 her LTD benefits were terminated. The letter terminating her benefits explained that a physical examination and subsequent evaluation indicated that she was not entitled to LTD benefits under the Plan. Ms. Garner timely appealed the denial, and on October 8, 2004, the Plan issued a final denial, finding no medical support for total disability.

Ms. Garner filed a complaint on January 24, 2005, in the United States District Court for the District of Colorado. She claimed that the Plan's denial of

LTD benefits was arbitrary and capricious and violated ERISA. She alleged various errors in the Plan's consideration of her claims, including that it had failed to consider her depression as the cause of a mental disability. She sought an order (1) awarding past benefits, costs, attorney fees, and other "relief as this Court deems necessary," Aplt. App. Vol. I at 13; (2) enjoining the Plan from violating 29 C.F.R. § 2560.503-1 (describing the minimum requirements for employee-benefit-plan procedures pertaining to claims for benefits); and (3) instructing the Plan to approve her continuing claim for LTD benefits.

Following a motion for summary judgment by the Plan, the district court issued the order being appealed. The order rejected most of Ms. Garner's arguments regarding her entitlement to LTD benefits but ruled that the Plan's consideration of evidence of her mental disability was arbitrary and capricious. It remanded the case to the Plan "for further administrative review as to plaintiff's claim for disability based on her alleged major depression, by itself or in conjunction with her physical ailments." Aplt. App. Vol. II at 549. It then directed the clerk of court "to administratively close th[e] case subject to reopening only upon motion for good cause shown." *Id.* at 550 (emphasis omitted). Ms. Garner appeals, challenging (among other things) the district court's remand of the case to the Plan and the Plan's denial of benefits based on physical disability. The Plan cross-appeals, claiming that its decision to deny Ms. Garner benefits based on mental disability was not arbitrary and capricious,

but also contending that "the ruling of the district court is not a final decision over which this Court has jurisdiction." U. S. West Br. at 2.

## II.  DISCUSSION

We must first consider whether we have jurisdiction.  Circuit courts generally have jurisdiction only over "final decisions of the district courts." 28 U.S.C. § 1291; *cf. id.* § 1292 (describing circuit courts' jurisdiction over interlocutory decisions).  In *Rekstad v. First Bank System, Inc.*, 238 F.3d 1259, 1263 (10th Cir. 2001), we held that a district-court order remanding a case to an ERISA plan administrator for a determination of LTD benefits was not a final appealable decision over which we had jurisdiction.  *Accord Graham v. Hartford Life & Accident Ins. Co.*, Nos. 06-5054 & 06-5142, 2007 WL 2405264 (10th Cir. Aug. 24, 2007) (dismissing for lack of jurisdiction when the district court had concluded that substantial evidence did not support a denial of benefits and remanded the claim to the plan for redetermination).  The district court in *Rekstad* had concluded that the plan administrator's decision to deny benefits was arbitrary and capricious, and remanded the case to the plan administrator to determine what, if any, benefits the plaintiff should receive.  238 F.3d at 1261. We noted "the well-accepted rule that an order determining liability but leaving damages to be calculated is not final unless the correct amount of damages is self-evident and not likely to be the subject of a future appeal." *Id.* at 1262.  We then observed that in that case the plaintiff's "eligibility for disability damages must

-4-

still be addressed on remand" and that "the correct amount is far from obvious." *Id.* The relief sought by the plaintiff—which included benefits, attorney fees, costs, and other damages to be determined later—was sufficiently open-ended to foreclose jurisdiction on appeal. *See id.* We stressed, however, that the determination of whether ERISA remand orders were final "should be made on a case-by-case basis applying well-settled principles governing 'final decisions.'" *Id.* at 1263.

Ms. Garner has not persuaded us that her case is distinguishable from *Rekstad* in any meaningful way. The district court in this case concluded that the Plan's denial of benefits based on mental disability was arbitrary and capricious, and remanded the case "to the Plan for further administrative review as to [her] claim for disability based on her alleged major depression, by itself or in conjunction with her physical ailments." Aplt. App. Vol. II at 549. As in *Rekstad*, Ms. Garner's eligibility for benefits, if any, must still be determined on remand. Moreover, her request for relief in the district court also sought costs, attorney fees, and "further relief as [the district court] deems necessary." *Id.* Vol. I at 13. "Given this open-ended request, we cannot say that the appropriate award, if any, is self-evident or that the process would not result in future appeals." *Rekstad*, 238 F.3d at 1262.

Ms. Garner makes four arguments in favor of jurisdiction. First, she points out that "the District Court itself characterized its Order as final." Garner Br. at

8.  But a district court's characterization of its own order is not dispositive.  *See*

*Metzger v. UNUM Life Ins. Co. of Am.*, 476 F.3d 1161, 1164 (10th Cir. 2007)

(holding order interlocutory even though district court determined that it was

final).  Rather, "when we question the finality of a district court's decision to

remand a benefits determination to the plan administrator, we analyze the

substance of the district court's decision, not its label or form."  *Graham*,

Nos. 06-5054 & 06-5142, 2007 WL 2405264, at *6 (internal quotation marks

omitted).

Second, Ms. Garner claims that this case is distinguishable from *Rekstad*,

238 F.3d 1259, because in that case "the district court told the clerk to close the

case file 'subject to a motion to re-open, if such a motion is necessary to obtain

review of the issues remanded by this order,'" *id.* at 1261 (quoting district-court

judgment), whereas here the court stated that the case could be reopened "only

upon motion for good cause shown," Aplt. App. Vol. II at 550.  We have

previously held, however, that an order closing a case subject to "reopen[ing]

upon a showing of good cause" is not final.  *Quinn v. CGR*, 828 F.2d 1463, 1465

(10th Cir. 1987) (internal quotation marks omitted).  And in *Graham* the district

court's docket entry said that the court was "'dismissing/terminating'" the case

and the court order made no mention of the possibility of reopening.  *Graham*,

Nos. 06-5054 & 06-5142, 2007 WL 2405264, at *2 (internal quotation marks

omitted) (quoting docket).  Again, it is the nature of the remand that controls, not the district court's own characterization of finality or termination of the case.

Ms. Garner next claims that we have jurisdiction over her appeal because the district court's order amounted to a refusal of her request for an injunction to stop the Plan from allegedly violating 29 C.F.R. § 2560.503-1.  *See* 28 U.S.C. § 1292(a)(1) (granting circuit courts jurisdiction over district-court orders refusing injunctions).  But the Supreme Court

> ha[s] construed the statute narrowly to ensure that appeal as of right under § 1292(a)(1) will be available only in circumstances where an appeal will further the statutory purpose of permitting litigants to effectually challenge interlocutory orders of serious, perhaps irreparable, consequence.  Unless a litigant can show that an interlocutory order of the district court might have a serious, perhaps irreparable, consequence, and that the order can be effectually challenged only by immediate appeal, the general congressional policy against piecemeal review will preclude interlocutory appeal.

*Carson v. Am. Brands, Inc.*, 450 U.S. 79, 84 (1981) (brackets, citation, and internal quotation marks omitted); *see also Switz. Cheese Ass'n, Inc. v. E. Horne's Mkt., Inc.*, 385 U.S. 23, 24–25 (1966) (denial of summary-judgment motion seeking a permanent injunction was not appealable under § 1292(a)(1)); *Everett v. US Airways Group, Inc.*, 132 F.3d 770, 774–75 (D.C. Cir. 1998) (in ERISA action, district court dismissed two claims as subject to mandatory arbitration under Railway Labor Act and stayed third claim pending outcome of arbitration; district court's alleged refusal "to enjoin [the employer] to interpret pension provisions in a certain fashion" was not appealable under § 1292(a)(1) as

denial of injunction because district court's order could be "adequately challenged by appeal from a final judgment" and plaintiffs would "suffer no harm sufficient to invoke the interlocutory review provisions of § 1292(a)(1)"). Ms. Garner makes no attempt to show that the district court's remand order may have a serious or irreparable consequence, or that an immediate appeal is necessary to challenge effectually the district court's order, except to suggest that if she cannot appeal now, she will have to participate in a remand that the district court lacked authority to order. But Ms. Garner has given us no reason to believe that the remand order could not be reviewed after further proceedings.

To be sure, the inability to appeal at this stage will compel Ms. Garner to participate in a remand that she contends was improperly ordered, and that burden cannot be fully cured through a later appeal. But courts do not ordinarily treat the burden of having to participate in litigation as one that justifies appeal from a nonfinal order. Recently, in *Will v. Hallock*, 126 S. Ct. 952 (2006), the Supreme Court considered an appeal by customs officers who were sued in a *Bivens* action. The district court had denied their motion to dismiss the suit as barred by the Federal Tort Claims Act (FTCA). The Court held that the denial of the officers' motion was not a final order and therefore not appealable. Although a district-court order could be deemed a final order and appealable under the collateral-

order doctrine[1] if it was "effectively unreviewable on appeal from a final judgment," *id.* at 957 (internal quotation marks omitted), the Court explained that an order is not "'effectively'" unreviewable just because it requires a party to submit to a trial unless "avoidance of a trial . . . would imperil a substantial public interest," *id.* at 959. If avoidance of trial were always sufficient ground to deem an order effectively unreviewable, explained the Court, "the final order requirement of § 1291 [would be left] in tatters." *Id.* at 958. The Court decided that the FTCA bar invoked by the officers "has no claim to greater importance than the typical defense of claim preclusion," *id.* at 960, and remanded to the court of appeals with instructions to dismiss the appeal. Likewise, we see no substantial public interest here in protecting against a remand to the Plan.

---

[1]The Court described the collateral-order doctrine as follows:

Whereas 28 U.S.C. § 1291 gives courts of appeals jurisdiction over all final decisions of district courts that are not directly appealable to us, the collateral order doctrine accommodates a small class of rulings, not concluding the litigation, but conclusively resolving claims of right separable from, and collateral to, rights asserted in the action. The claims are too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.

The requirements for collateral order appeal have been distilled down to three conditions: that an order [1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment.

*Id.* at 957 (citations and internal quotation marks omitted; brackets in original).

Finally, Ms. Garner contends that her case "fits well within the 'practical finality rule.'" Garner Reply Br. at 8. Under this rule, "an order is final . . . if finality is necessary to ensure that the court of appeals is able to review an important legal question which the remand made effectively unreviewable." *Metzger*, 476 F.3d at 1165 (brackets and internal quotation marks omitted). Ms. Garner claims that holding her appeal nonfinal will prevent this court from reaching her argument that the district court lacked jurisdiction to remand the case to the Plan. Her underlying jurisdictional argument is of questionable validity. *See United States v. Jones*, 336 U.S. 641, 671 (1949) (district courts "have power . . . to remand the cause to the [administrative agency] for further proceedings"); *Rekstad v. U.S. Bancorp*, 451 F.3d 1114, 1121 (10th Cir. 2006) (remanding ERISA case to district court "with instructions that the case be returned to [the employer] for reconsideration"). But more importantly, and as we have already stated, Ms. Garner has given us no reason to believe that a remand to the Plan at this juncture would prevent us from considering her argument in a later appeal following a final order, *see Graham*, Nos. 06-5054 & 06-5142, 2007 WL 2405264, at *5; *Rekstad*, 238 F.3d at 1262. "[T]his is not a situation in which remand may make either the district court's earlier decision . . . or the merits of [the Plan's] decision on [Ms. Garner's] claim for benefits effectively unreviewable." *Graham*, Nos. 06-5054 & 06-5142, 2007 WL 2405264, at *5 (internal quotation marks omitted).

-10-

The appeal is DISMISSED for lack of jurisdiction.