**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 28, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RODNEY MILLER,

      Plaintiff-Appellant,

v.

MONUMENTAL LIFE INSURANCE
COMPANY,

      Defendant-Appellee.

No. 09-2110
(D.C. No. 1:04-CV-00970-JB-RHS)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **McKAY**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **EBEL**,
Circuit Judge.

Rodney Miller appeals from an order of the district court remanding this

ERISA benefits case to the Plan administrator for further proceedings. Because

we lack jurisdiction over the district court's order remanding the case, we dismiss

the appeal.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

This is the second time this case has come before us. *See Miller v. Monumental Life Ins. Co.*, 502 F.3d 1245 (10th Cir. 2007). As detailed in our prior decision, Mr. Miller was injured in an automobile accident in September 1997 while working for Aycox Transportation. Following the accident, he applied for and received Supplemental Security Income (SSI) benefits from the Social Security Administration. He then applied for the Continuous Total Disability Benefit (Continuous Benefit) under a master-group policy issued by defendant Monumental Life Insurance Company (Monumental).

In order to receive the Continuous Benefit under Monumental's policy, an applicant must satisfy four criteria. First, he must be "totally disabled," Aplt. App. at 10, that is, "unable to perform every duty pertaining to any occupation for which he is or may become qualified by education, training or experience[.]" *Id.* at 5. Second, he must have "been granted a Social Security Disability Award." *Id.* Third, the disabling injury must have "occurred while the Insured Person was at work performing the duties of his regular occupation." *Id.* at 10. Finally, the injury must have "resulted solely and directly from [the] Injury" and satisfy certain other temporal requirements under the policy. *Id.*

On November 19, 2003, a claims representative for the Plan administrator sent Mr. Miller a letter denying his claim. The letter explained the denial as follows:

> According to the terms of the policy in order to be eligible for continuous total disability you must be unable to engage in any gainful employment for which you can be reasonably trained for [sic].
>
> You must be awarded a social security disability award for injuries sustained from this accident of 9-15-97. The information you have provided to us from the social security office is for supplemental security income and not a social security disability award. Therefore no benefits are available.

*Id.* at 18.

Mr. Miller thereafter filed this suit under the Employee Retirement Income Security Act (ERISA) challenging Monumental's denial of his request for long-term disability benefits. Monumental moved for summary judgment, contending (1) Mr. Miller had not been granted a Social Security Disability Award; (2) his disability commenced more than six months from the date of injury; and (3) his disability had not occurred "solely and directly" from an accidental, on-the-job injury. *Id.* at 27. The district court granted the motion for summary judgment on the basis that the SSI benefit did not constitute a "Social Security Disability Award." It did not reach Monumental's other arguments.

Mr. Miller appealed, and we reversed the district court. *Miller*, 502 F.3d at 1255. We concluded that Mr. Miller's "Title XVI [SSI] award coupled with a finding of disability satisfied the Social Security Disability Award requirement." *Id.* We further concluded that the SSA's finding also appeared to satisfy the Plan's disability requirement, "that a recipient of Continuous Benefit be 'unable

-3-

to perform the physical and mental requirements of any past relevant work.'" *Id.* at 1251. Noting that Monumental had moved for summary judgment on the alternate ground that Mr. Miller's accident was not the "sole cause" of his disability, we remanded for the purpose of permitting the district court to address this issue. *Id.*

On remand, the district court entered the extensive order that forms the basis of this appeal. It determined, first, that although Monumental had not relied on the "solely and directly" clause in its policy to deny benefits, coverage cannot be created by waiver or estoppel and Monumental could therefore raise the issue for the first time in opposing Miller's breach-of-contract claim. Second, the record was insufficiently developed on the "solely and directly" issue and a remand to the Plan administrator was necessary for further proceedings on that issue. Third, although language in this court's prior opinion suggested that Miller had satisfied the "total disability" requirement, the district court concluded there had been no definitive decision on that issue and it should also be addressed on remand. Finally, the district court denied Monumental's motion to strike Miller's motion for attorney's fees, and also denied Miller's motion for fees.

Miller appeals, arguing (1) the district court should not have permitted Monumental to raise the "sole cause" issue for the first time in district court; (2) the remand to the Plan administrator was unnecessary; (3) Miller should prevail on the "sole cause" issue; (4) this court has already determined that Miller

met the "total disability" requirement and that issue should therefore not be revisited; and (5) this court should award him attorney's fees. For its part, Monumental argues that we lack jurisdiction over the order remanding this case to the Plan administrator; that estoppel and waiver did not forbid it from raising the "sole cause" issue; that remand to the administrator was appropriate; and that Miller was not entitled to attorney's fees.

## ANALYSIS

As we must, we examine first our jurisdiction to consider this appeal. "Aside from a few well-settled exceptions, federal appellate courts have jurisdiction solely over appeals from '*final decisions* of the district courts of the United States.'" *Rekstad v. First Bank Sys., Inc.*, 238 F.3d 1259, 1261 (10th Cir. 2001) (quoting 28 U.S.C. § 1291) (emphasis added). "A final decision is one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Id.* (quotation omitted).

In general, a court order remanding a claim to a plan administrator, like an order remanding a claim to an administrative agency, is not a final decision. *See id.* at 1262. Even so, "district court orders remanding an issue to an ERISA plan administrator are not per se nonfinal. The [finality] decision should be made on a case-by-case basis applying well-settled principles governing 'final decisions.'" *Id.* at 1263.

One concern in assessing finality is whether a remand order's practical effect makes an important legal question effectively unreviewable. *Id.* at 1262. This concern originally arose in administrative agency cases. A district court exercising judicial review sometimes resolved a legal question and then remanded to the agency for further proceedings. Though the agency's decision on remand was often dictated by the district court's legal analysis, the agency was barred from seeking judicial review of what became its "own" decision after remand. Since the agency could neither appeal the non-final remand order, nor appeal from the ultimate disposition of the case, the district court's legal analysis was effectively insulated from appellate review. *Id.* To avoid this problem, courts crafted a "practical finality" rule, which permits appeal of a remand order where an important legal issue exists and the right to appeal would otherwise be lost. Subsequent cases have extended this rule to the ERISA context.

Relying on our practical finality cases, Miller argues that he has presented a legal issue that will, as a practical matter, be unreviewable if he is not permitted an immediate appeal. This issue he wishes to preserve through immediate appeal is whether Monumental could raise a "new defense" of "sole cause" at the district court level. Aplt. Reply Br. at 2. Putting aside the fact that our prior decision remanded precisely for a determination concerning this new defense, we find no basis to conclude that a practical finality problem arises here. While it is conceivable that Miller may ultimately convince either this court or the district

-6-

court that Monumental was barred from raising the "sole cause" defense, the fact that he must wait to do so until proceedings on remand are complete does not make the issue effectively unreviewable. The district court's order clearly contemplates further review in the event that Miller is dissatisfied with the administrator's resolution of this issue.

This case resembles *Garner v. U.S. West Disability Plan*, 506 F.3d 957 (10th Cir. 2007). In *Garner*, we found no appellate jurisdiction where the district court remanded to the plan administrator for further consideration of the plaintiff's claim for disability based on her alleged major depression. We stated:

> To be sure, the inability to appeal at this stage will compel Ms. Garner to participate in a remand that she contends was improperly ordered, and that burden cannot be fully cured through a later appeal. But courts do not ordinarily treat the burden of having to participate in litigation as one that justifies appeal from a nonfinal order.

*Id.* at 961.

Moreover, we stated in *Garner* that even if the plaintiff's assertion was correct that the district court lacked jurisdiction to remand to the administrator, there was "no reason to believe that a remand to the Plan at this juncture would prevent us from considering her argument in a later appeal following a final order." *Id.* at 962. Thus, the case did not fall within the "practical finality" rule. *Id.*

The same is true here. Neither the cost or delay associated with additional review of the "sole cause" defense, nor Miller's unfounded fear about loss of his

-7-

argument that Monumental was not entitled to raise this defense, justifies treatment of the remand order as a final order for purposes of review. Miller's contentions are not "effectively unreviewable."

This appeal is therefore DISMISSED for lack of jurisdiction. We DENY Miller's request for appellate attorney's fees and Monumental's motion to file a sur-reply brief.

Entered for the Court

Monroe G. McKay
Circuit Judge