**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 29 2001**

**PATRICK FISHER**
**Clerk**

<u>PUBLISH</u>

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

DENISE REKSTAD,

     Plaintiff-Appellant/
     Cross-Appellee,

v.

FIRST BANK SYSTEM, INC., a
Delaware corporation; FBS
MORTGAGE CORPORATION,
formerly doing business as Colorado
National Mortgage corporation, a
Nevada corporation; and FIRST
BANK SYSTEM LONG-TERM
DISABILITY PLAN, (PLAN #509),

     Defendants-Appellees/
     Cross-Appellants.

Nos. 99-1188 & 99-1190

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D.C. No. 97-N-1315)**

---

Carmen S. Danielson of Dietze and Davis, P.C., Boulder, Colorado, and Patricia Bellac of Boulder, Colorado, for Plaintiff-Appellant/Cross-Appellee.

Steven J. Merker (Nancy Smith Pearson and Stephen E. Abrams with him on the briefs) of Dorsey & Whitney LLP, Denver, Colorado, for Defendants-Appellees/Cross-Appellants.

---

Before **EBEL**, **McKAY**, and **LUCERO**, Circuit Judges.

**McKAY** , Circuit Judge.


Plaintiff worked for Defendant First Bank Systems (FBS) and took part in its ERISA regulated disability benefits plan. After an ankle injury in November 1993, Plaintiff could not work for a period of time and therefore received short-term and eventually long-term disability benefits pursuant to the disability plan. In June 1995, shortly after obtaining medical clearance to return to work, she incurred additional injuries in an automobile accident that again prevented her from working. Consequently, she continued to receive long-term disability benefits until January 31, 1996. By that date, FBS's benefits plan administrator had determined that Plaintiff's health was such that she no longer qualified for long-term disability benefits. Plaintiff appealed that decision to the plan administrator and was again denied further benefits. Plaintiff never returned to work and was not retained by the company that purchased FBS in April 1996.

Thereafter, Plaintiff sued FBS and others for violations of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213, and the Employment Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001-1461. The district court granted summary judgment to Defendants on the ADA claim. The district court granted summary judgment to Plaintiff on her ERISA claim, holding that the

plan administrator's decision to deny benefits after January 31, 1996, was arbitrary and capricious because it unreasonably relied on one particular doctor's medical examination. However, the court declined Plaintiff's express invitation to assess damages. Instead, pursuant to Defendants' motion to remand, the court remanded to the plan administrator the question of what, if any, benefits Plaintiff would be eligible for after January 31, 1996, in light of all the relevant evidence. In its order of judgment, the district court told the clerk to close the case file "subject to a motion to re-open, if such a motion is necessary to obtain review of the issues remanded by this order." Aplt. App. I at 228 (Judgment, March 16, 1999, at 2).

Plaintiff appeals the district court's grant of summary judgment to Defendants on her ADA claim, and Defendants cross-appeal the district court's grant of summary judgment to Plaintiff on her ERISA claim.

We must first address whether we have jurisdiction. Aside from a few well-settled exceptions, federal appellate courts have jurisdiction solely over appeals from " final decisions  of the district courts of the United States." 29 U.S.C. § 1291 (emphasis added). A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States  , 324 U.S. 229, 233 (1945). Where, as here, a suit involves multiple claims, the district court must adjudicate every claim before the court's

decision can be considered final and appealable.     See Fed. R. Civ. P. 54(b).  Thus, a judgment resolving only one of two asserted claims is not final and an appeal cannot be taken from either claim until both have been terminated on the merits. Under certain circumstances, however, the district court "may direct the entry of final judgment as to one or more but fewer than all the claims" in order to secure immediate appellate review of the certified final orders.     Id.  The district court has not done so in this case.

Accordingly, in order for us to exercise jurisdiction over either the ADA or the ERISA claims, the district court must have entered a final decision on both. The district court's grant of summary judgment to Defendants on the ADA claim completely resolved that claim and unquestionably constituted a final order.  The court's grant of summary judgment to Plaintiff on the ERISA claim and remand to the plan administrator presents a more difficult problem.  This circuit has not previously concluded whether such an order is final under § 1291.

We have, however, previously concluded that a district court's grant of summary judgment to the plaintiff on an ERISA claim that left the question of damages unresolved was not a final appealable order.     See Albright v. Unum Life Ins. Co. of America  , 59 F.3d 1089 (10th Cir. 1995).  The     Albright  panel's holding followed from the well-accepted rule that an order determining liability but leaving damages to be calculated is not final unless the correct amount of

damages is self-evident and not likely to be the subject of future appeal.　　See id. at 1092-93.  In the instant case, Plaintiff's eligibility for disability damages must still be addressed on remand.  What's more, even assuming Plaintiff's entitlement to damages, the correct amount is far from obvious.  In her complaint, Plaintiff prayed for "damages, including but not limited to, loss of benefits under the plan, interest, attorney's fees, costs, out of pocket expenses, and other damages to be determined at trial."  Aplt. App. I at 35 (Third Am. Compl. at 17).  Given this open-ended request, we cannot say that the appropriate award, if any, is self-evident or that the process would not result in future appeals.  Thus, under a straightforward application of Albright and the final judgment rule, the district court's decision in the case at a hand cannot be considered final.

There is, however, one potentially important difference between Albright and the instant case:  Albright did not involve a remand.  The question thus becomes whether the mere act of remanding an issue to an ERISA plan administrator confers finality on an otherwise nonfinal order.  We think not in light of the current posture of this case before the district court.  To see why, consider a district court order remanding a claim to an administrative agency—perhaps the best analogue to an ERISA remand.  In the administrative context, a remand order is "generally considered a nonfinal decision . . . not subject to immediate review in the court of appeals."  Baca-Prieto v. Guigni, 95

-5-

F.3d 1006, 1008 (10th Cir. 1996). Employing a "practical finality" rule, we have nevertheless reviewed administrative remand orders where it was necessary "'to ensure that the court of appeals was able to review an important legal question which the remand made effectively unreviewable.'" Id. at 1009 (quoting Travelstead v. Derwinski, 978 F.2d 1244, 1248 (Fed. Cir. 1992)). This rule exists in the administrative agency context, if nowhere else, because agencies may be barred from seeking district court (and thus circuit court) review of their own administrative decisions. Consequently, if a district court remands an issue to an administrative agency and essentially instructs the agency to rule in favor of the plaintiff, the agency "'may well be foreclosed from again appealing the district court's determination at any later stage'" of the proceeding. Id. at 1008 (quoting Bender v. Clark, 744 F.2d 1424, 1428 (10th Cir. 1984)).

Transporting the practical finality rule to the ERISA context, we still cannot say that the district court's remand order was final. The remand to the plan administrator will not foreclose future appellate review of any important legal questions because, no matter the administrator's ultimate decision, the district court has expressly stated that either party may obtain court review of the administrator's determination simply by filing a motion. In that event, we then could review the final decision of the district court regarding the administrator's determination along with any other issues that Defendants now ask us to address.

-6-

If neither party seeks district court review of the plan administrator's decision on remand, the district court may dismiss or otherwise conclude that aspect of the case and Plaintiff can then properly appeal the ADA claim.

We note that our conclusion is in harmony with a majority of the circuit courts that have addressed the finality of ERISA remands. See Williamson v. UNUM Life Ins. Co. of Am., 160 F.3d 1247, 1250-52 (9th Cir. 1998); Petralia v. AT&T Global Info. Solutions Co., 114 F.3d 352, 354-59 (1st Cir. 1997); Shannon v. Jack Eckerd Corp., 55 F.3d 561, 563 (11th Cir. 1995) (per curiam). But see Perlman v. Swiss Bank Corp. Comprehensive Disability Protection Plan, 195 F.3d 975, 977-80 (7th Cir. 1999) (predicating its jurisdiction on the notions that ERISA remands should be treated like statutorily governed Social Security Administration remands and that administrative remands in general are normally appealable); Snow v. Standard Ins. Co., 87 F.3d 327, 330 (9th Cir. 1996) (concluding without analysis that an ERISA remand was a final order), overruled on other grounds by Kearney v. Standard Ins. Co., 175 F.3d 1084 (9th Cir.1999) (en banc).

In conclusion, we stress that district court orders remanding an issue to an ERISA plan administrator are not per se nonfinal. The decision should be made on a case-by-case basis applying well-settled principles governing "final decisions." In this case, those precepts convince us that the district court's

ERISA remand is not a final order.  Consequently, without a rule 54(b)

certification we cannot review the ADA claim either.

The appeal is therefore **DISMISSED** .