**F I L E D**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

SARAH E. METZGER,

   Plaintiff-Appellant,

v.

UNUM LIFE INSURANCE
COMPANY OF AMERICA,

   Defendant-Appellee.

No. 04-3484
(D.C. No. 02-CV-1321-MLB)
(D. Kan.)

---

**ORDER AND JUDGMENT**  *

---

Before **HENRY, ANDERSON**, and **TYMKOVICH**, Circuit Judges.

   After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

\*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Sarah E. Metzger appeals from a district court order ruling that it lacked subject-matter jurisdiction over her motion seeking sanctions against defendant UNUM Life Insurance Company of America (UNUM). Following a district court order remanding her ERISA complaint to UNUM for further proceedings, Metzger filed a sanction motion with the district court claiming UNUM had not followed the procedures required by the remand order. The district court ruled it lacked subject-matter jurisdiction to hear her motion. We exercise jurisdiction over the limited question of whether the district court correctly ruled it lacked jurisdiction to consider the sanction motion. *See Estate of Harshman v. Jackson Hole Mountain Resort Corp*., 379 F.3d 1161, 1163 (10th Cir. 2004). We conclude that the district court had ancillary jurisdiction to enforce its remand order; thus, we reverse and remand for further proceedings.

Background

Metzger sought long-term disability benefits from UNUM, her employer's ERISA plan administrator. UNUM denied her disability claim, stating she had not presented evidence she was under regular physician care for a condition that impaired her ability to work. Metzger administratively appealed this decision to UNUM, submitting a current medical evaluation from her treating physician. UNUM sent Metzger's medical file to two medical consultants, Ms. Hess, a nurse, and Dr. Fluter, a physician, who opined that Metzger had not presented evidence

-2-

demonstrating the functional limitations of her medical condition. Based on these opinions, UNUM upheld its decision to deny Metzger's benefit request.

Metzger then filed a complaint in federal district court alleging in part that UNUM failed in its statutory and fiduciary duty under ERISA to provide a full and fair review of her claim because it had not given her any opportunity to review and rebut the opinions of Hess and Fluter. The district court agreed. It ruled that Metzger was entitled to know what evidence UNUM relied upon, to have an opportunity to address the accuracy and reliability of that evidence, and to have UNUM consider the evidence presented by both parties before reaching any decision. Aplt. App. at A41, A43 (citing *Sage v. Automation, Inc. Pension Plan & Trust*, 845 F.2d 885, 893-94 (10th Cir. 1988)). The district court rejected UNUM's argument that the opinions of Hess and Fluter did not constitute "evidence" because they only reviewed the medical evidence submitted by Metzger. It ruled that the opinions of these professionals did constitute "evidence" of a type that Metzger was entitled to review prior to UNUM's final decision. *Id*. at A43. It also rejected UNUM's argument that allowing Metzger to continually present rebuttal evidence would thwart the administrative review process. *Id*. at A44.

The district court then remanded the case to UNUM for further consideration. It granted Metzger sixty days from the date of its order to review

the opinions of Hess and Fluter and to submit any rebuttal evidence. It gave UNUM 120 days from the date of the order to render its decision, reviewing the matter as it would from an appeal from an initial denial of benefits. Metzger timely submitted rebuttal evidence from her treating physician.

After receiving Metzger's rebuttal evidence, UNUM again used outside consultants, a physician, Dr. Hill, and a vocational expert (VE), to review Metzger's medical evidence. UNUM again denied benefits, citing the opinions of Hill and the VE as the basis of its denial. UNUM did not provide Metzger with any opportunity to review and rebut the opinion evidence of Hill or the VE prior to making its decision.

In response, Metzger filed a motion with the district court (entitled a Motion For Order to Show Cause) seeking sanctions, including an award of benefits. The motion, which is the subject of this appeal, claimed UNUM did not comply with the procedures outlined in the district court's remand order. Metzger argued that UNUM's use of outside consultants to evaluate and ultimately deny her claim, without providing her with any opportunity to review and rebut that evidence, was a blatant violation of the district court's legal ruling in the remand order. UNUM disagreed, arguing the remand order only obligated it to receive Metzger's rebuttal evidence with respect to Hess and Fluter and to reevaluate her appeal. It stated it was not obligated under the remand order to provide Metzger

-4-

with a continuing opportunity to rebut future consultant evaluations it obtained, and noted its continued disagreement with the district court's determination that Metzger should be allowed to rebut even Hess and Fluter's opinions. Aplt. App. at A85-A86.

The district court sua sponte ruled that it lacked subject-matter jurisdiction to hear Metzger's motion. It stated that its remand order disposed of all pending claims by the parties, was a final judgment under Fed. R. Civ. P. 58, and contained no language indicating the court would retain continuing jurisdiction over further motions in the ERISA proceeding. Metzger appeals from that ruling.

Analysis

Metzger contends on appeal that the remand order was an interlocutory order, not a final and appealable judgment, and that the district court retained subject-matter jurisdiction to hear her motion. As support, Metzger cites this court's decision in *Rekstad v. First Bank Sys., Inc*., 238 F.3d 1259 (10th Cir. 2001). There, we held that a district court's remand order to an ERISA plan administrator was not a final order because the ERISA claimant's eligibility for disability damages still remained to be determined on remand, and the remand order expressly stated that either party could obtain court review of the issues remanded by the order. *Id*. at 1261-62. *Rekstad* stated its ruling was in harmony with the majority of circuits that hold ERISA remand orders are not final and

-5-

appealable orders, but expressly declined to adopt a per se rule that remand orders are nonfinal. [1] *Id*. at 1263.  Instead, *Rekstad* held that the decision as to whether an ERISA remand order is final should be made on a case-by-case basis.  *Id*.

UNUM agrees with Metzger that the remand order was not a final judgment.  It further argues that even if the remand order was a final judgment, the district court had jurisdiction over Metzger's sanction motion pursuant to its continuing jurisdiction to enforce its own orders and judgments.  We agree with

---

[1] *Rekstad* cited favorably those circuits courts that have held that an order remanding a matter to an ERISA plan administrator for further fact-finding is nonfinal: *Williamson v. UNUM Life Ins. Co. of Am.*, 160 F.3d 1247, 1250-52 (9th Cir. 1998); *Petralia v. AT&T Global Info. Solutions Co.*, 114 F.3d 352, 354 (1st Cir. 1997); *Shannon v. Jack Eckerd Corp.*, 55 F.3d 561, 563 (11th Cir. 1995) (per curiam).  Since *Rekstad*, the Sixth Circuit has also held that there can be no final decision under 28 U.S.C. § 1291 when a remand to an ERISA plan administrator occurs for additional fact finding, regardless of whether the district court characterizes the case as open or closed on its docket.  *Bowers v. Sheet Metal Workers' Nat'l Pension Fund*, 365 F.3d 535, 537 (6th Cir. 2004) (quoting *Petralia*).

There is a minority view.  *Rekstad* noted that the Seventh Circuit has held that a remand order in an ERISA matter is a final, appealable judgment. *Perlman v. Swiss Bank Corp. Comprehensive Disability Protection Plan*, 195 F.3d 975, 977-80 (7th Cir. 1999).  Since *Rekstad*, the Ninth Circuit has ruled that an ERISA remand order may be final and appealable if (1) the district court order conclusively resolved a separable legal issue, (2) the remand order forces the agency to apply a potentially erroneous legal rule which might result in a wasted proceeding, and (3) review would, as a practical matter, be foreclosed if an immediate appeal were unavailable. *Hensley v. Northwest Permanente P.C. Retirement Plan and Trust*, 258 F.3d 986, 993 (9th Cir. 2001).

this latter proposition, and therefore express no opinion as to whether the remand order was itself a final judgment.

As a general rule, even after a district court has entered judgment, it retains ancillary jurisdiction to enforce its own orders and judgments. *Peacock v. Thomas*, 516 U.S. 349, 356 (1996) (recognizing "use of ancillary jurisdiction in subsequent proceedings for the exercise of the court's inherent power to enforce its judgments"); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 380 (1994) (stating that court has ancillary jurisdiction to "manage its proceedings, vindicate its authority, and effectuate its decrees."); *see also* 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action . . . that they form part of the same case or controversy. . . ."). "'The jurisdiction of a Court is not exhausted by the rendition of its judgment, but continues until that judgment shall be satisfied.'" *U.S.I. Properties Corp. v. M.D. Constr. Co.*, 230 F.3d 489, 496 (1st Cir. 2000) (quoting *Wayman v. Southard*, 23 U.S. (10 Wheat.) 1, 23 (1825)); *see also* 13 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3523, at 89 (2d ed. 1984) (stating that ancillary jurisdiction "include[s] those acts that the federal court must take in order properly to carry out its judgment on a matter as to which it has jurisdiction").

The Supreme Court has explained that, without ancillary jurisdiction to enforce its own judgments, "the judicial power would be incomplete and entirely inadequate to the purposes for which it was conferred by the Constitution." *Peacock*, 516 U.S. at 356 (quotation omitted). It cautioned, however, that the exercise of ancillary jurisdiction may not be exercised over factually independent proceedings "that are entirely new and original or where the relief sought is of a different kind or on a different principle than that of the prior decree." *Id*. at 358 (quotation, citation, and alteration omitted).

In this case, as a result of the entry of its remand order, the district court possessed ancillary jurisdiction to enforce the terms of that order through supplementary proceedings, whether or not that order constituted a final and appealable order. We conclude this ancillary jurisdiction could unquestionably have been exercised by the district court to resolve the question posed by Metzger's motion. Her motion alleged that UNUM failed to follow, indeed blatantly disregarded, the procedures the district court directed it to follow in the remand order when UNUM used evidence from outside medical consultants to deny her disability claim without giving her an opportunity to review and rebut that opinion evidence. This issue is directly related to the proper interpretation and enforcement of the district court's remand order. Metzger is not raising a new and original claim, nor is she seeking relief of a different kind or based on a

different principle than that addressed by the district court's remand order. Therefore, we conclude the district court was incorrect when it held it did not have jurisdiction to consider and decide Metzger's sanction motion.

Accordingly, the order of the district court is REVERSED and REMANDED for further proceedings.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge