**UNITED STATES COURT OF APPEALS**

**October 2, 2008**

**TENTH CIRCUIT**

| | |
|---|---|
| C. ELI-JAH HAKEEM MUHAMMAD, a/k/a Christopher Mitchell, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> UNITED STATES OF AMERICA, et al.; FEDERAL BUREAU OF PRISONS (D.O.J.); H. G. LAPPIN, BOP Director; R. WILEY, FCC/ADX Warden; A. REAR, Ex-ADX Administrative Remedy Coordinator; M. COLLINS, ADX Unit Manager; V. SUDLOW, Ex-ADX Case Manager; R. MADISON, ADX Counselor; A. OSAGIE, ADX Physician Assistant, All Being Sued in Their Individual or Official Capacity, <br><br> Defendants-Appellees. | No. 08-1200 <br><br> (D.C. No. 07-cv-1808-WYD-BNB) <br> (D. Colorado) |

**ORDER AND JUDGMENT***

Before **BRISCOE, MURPHY,** and **HARTZ**, Circuit Judges.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument.

C. Eli-Jah Hakeem Muhammad, a federal prisoner appearing pro se, has filed an interlocutory appeal seeking to challenge an order of the district court dismissing certain of his claims against federal officials and denying his request for a preliminary injunction. Because we lack jurisdiction to consider the district court's partial dismissal of Muhammad's claims, we dismiss that portion of Muhammad's appeal. As for the portion of Muhammad's appeal challenging the district court's denial of his request for a preliminary injunction, we exercise jurisdiction pursuant to 28 U.S.C. § 1292(a)(1) and affirm.

I.

Muhammad, a/k/a Christopher Mitchell, is currently housed at the United States Penitentiary Administrative Maximum Facility in Florence, Colorado. On August 14, 2007, Muhammad filed suit against the United States, the Federal Bureau of Prisons, and various prison officials alleging a host of claims pursuant to either Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), or the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. On September 21, 2007, the magistrate judge assigned to the case directed

2

Muhammad to file an amended complaint correcting certain deficiencies in his original complaint. On December 6, 2007, Muhammad filed an amended complaint asserting twenty-six claims for relief. Muhammad also filed additional pleadings in which he requested a preliminary injunction in connection with certain of the claims contained in his amended complaint.

On April 9, 2008, the district court issued a twelve-page order dismissing twenty of Muhammad's claims as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The district court concluded that the remaining six claims contained in Muhammad's amended complaint were deserving of further review and allowed them to proceed. Finally, the district court concluded that Muhammad's request for preliminary injunction lacked merit and thus denied it.

Muhammad has since filed a notice of appeal from the district court's April 9, 2008 order.

## II.

Absent certain limited exceptions, "federal appellate courts have jurisdiction solely over appeals from final decisions of the district courts of the United States." Rekstad v. First Bank Sys. Inc., 238 F.3d 1259, 1261 (10th Cir. 2001) (quoting 28 U.S.C. § 1291) (emphasis deleted). A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233 (1945). Here, the district court has not yet entered a final decision regarding Muhammad's

3

claims. As noted, six of the claims asserted by Muhammad in his amended complaint remain pending before the district court. We therefore lack jurisdiction to entertain Muhammad's appeal to the extent it seeks to challenge the district court's dismissal of some of the claims contained in his amended complaint.

## III.

We do, however, have jurisdiction to entertain the portion of Muhammad's appeal that challenges the district court's denial of his request for a preliminary injunction. See 28 U.S.C. § 1292(a)(1) ("the courts of appeals shall have jurisdiction of appeals from . . . [i]nterlocutory orders of the district courts of the United States . . . refusing . . . injunctions"). We review a district court's denial of a preliminary injunction for abuse of discretion, which occurs where the court "commits a legal error or relies on clearly erroneous factual findings, or where there is no rational basis in the evidence for its ruling." Davis v. Mineta, 302 F.3d 1104, 1110-11 (10th Cir. 2002) (internal citation omitted). "To obtain a preliminary injunction, the movant must show: (1) a substantial likelihood of success on the merits; (2) irreparable harm to the movant if the injunction is denied; (3) the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest." Gen. Motors Corp. v. Urban Gorilla, LLC, 500 F.3d 1222, 1226 (10th Cir. 2007). "Because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." Greater

4

Yellowstone Coal. v. Flowers, 321 F.3d 1250, 1256 (10th Cir. 2003).

In his motion for preliminary injunction, Muhammad asked the district court to enjoin prison officials from requiring him to undergo a PPD skin test for tuberculosis, or from penalizing him for refusing to undergo such testing. That request was connected to two related claims asserted in Muhammad's amended complaint, both of which remain pending before the district court. The district court, in denying Muhammad's request, concluded that Muhammad had failed to establish any of the four requirements for issuance of a preliminary injunction.

After reviewing the record on appeal, we conclude the district court did not abuse its discretion in denying Muhammad's request for a preliminary injunction. Muhammad's "arguments to the district court in support of his request were merely conclusory reiterations of the requirements for an injunction couched in the form of declarative statements." Blango v. Thornburgh, 942 F.2d 1487, 1493 (10th Cir. 1991). Muhammad's appellate brief suffers from the same fatal flaw.

The order of the district court denying Muhammad's request for preliminary injunction is AFFIRMED. The remainder of Muhammad's appeal, challenging the district court's dismissal of certain claims contained in Muhammad's amended complaint, is DISMISSED for lack of jurisdiction. Muhammad's motion to proceed without prepayment of the appellate filing fee is GRANTED, and Muhammad is reminded of his continuing obligation to make

5

partial payments until the entire fee has been paid in full.

Entered for the Court


Mary Beck Briscoe
Circuit Judge