**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 29, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JOE FLOYD FULLER, SR.,

        Plaintiff-Appellant,

v.

BILLY WILCOX, Sergeant Deputy,
Johnson County Detention Center;
VALERIE (LNU), Nurse, Johnson
County Detention Center; CORRECT
CARE SOLUTIONS,

        Defendants-Appellees.

No. 08-3297
(D.C. No. 5:08-CV-03065-SAC)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **MURPHY**, and **HARTZ**, Circuit Judges.

Joe Floyd Fuller, Sr., a Kansas pretrial detainee, appeals pro se from the

district court's September 12, 2008, order denying, among other things, his

request for a preliminary injunction. Because we conclude that Mr. Fuller has

---

[*]    After examining appellant's brief and the appellate record, this panel has
determined unanimously to grant appellant's request for a decision on the briefs
without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case
is therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

forfeited interlocutory appellate consideration of the preliminary injunction ruling by failing to raise it in his opening brief, *see Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007), and because the balance of the order appealed from is not a final appealable order as required by 28 U.S.C. § 1291, we dismiss the appeal for lack of jurisdiction.

## I.

Mr. Fuller filed suit under 42 U.S.C. § 1983, alleging he is unable to walk, defendants refuse to provide him a wheelchair, and he is being subjected to imminent danger of serious physical injury. He also filed a motion for leave to proceed in forma pauperis (IFP). The district court denied the IFP motion, finding Mr. Fuller had accumulated at least three strikes for purposes of the filing restrictions set out in 28 U.S.C. § 1915(g), and that he was unable to satisfy the "imminent danger" exception in § 1915(g). Mr. Fuller appealed.

This court granted him leave to proceed IFP on appeal, vacated the district court's order denying him leave to proceed IFP in that court, and remanded for further proceedings. Specifically, we held that Mr. Fuller's complaint facially satisfied the imminent danger exception because "without a wheelchair, [he claims] he is forced to crawl and is unable to walk to the shower or lift himself from the cell floor to his bed." R. Doc. 35 at 3. We therefore concluded: "If Mr. Fuller does indeed require a wheelchair, the failure to provide him with one

could result in a number of serious physical injuries." *Id.* We expressed no opinion, however, on the merits of his lawsuit.

On remand, the district court issued an order dated September 12, 2008, granting Mr. Fuller provisional leave to proceed IFP in that court, "subject to . . . reexamination if [his] factual allegations supporting the imminent danger exception are later challenged." R. Doc. 54 at 1. The court explained that Mr. Fuller was not relieved of the $350.00 district court filing fee; rather, the fee would be deducted "from his inmate trust fund account pursuant to 28 U.S.C. § 1915(b)(2) after [his] prior fee obligations have been fully satisfied." R. Doc. 54 at 2. Next, the court denied without prejudice his motions for appointment of counsel, stating that he could renew those requests after the court "screened [his] complaint as required by 28 U.S.C. § 1915A," *id.* at 2-3. And finally, the court denied without prejudice Mr. Fuller's motion for a preliminary injunction and a temporary restraining order. This appeal followed.

## II.

Liberally construing Mr. Fuller's appellate brief, *see Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998), he asserts—as best we can discern—that the district court will not allow him to proceed until his prior fee obligations are fully satisfied, and that it erroneously failed to order service of process upon the defendants. He also claims that by not ordering service on defendants, the district court is "protecting" and "covering up Johnson County Kansas's wrongdoings."

-3-

Aplt. Br. at 4.  We are without jurisdiction to consider these arguments.  Absent certain limited exceptions, "'federal appellate courts have jurisdiction solely over appeals from final decisions of the district courts of the United States.'"  *Rekstad v. First Bank Sys. Inc.*, 238 F.3d 1259, 1261 (10th Cir. 2001) (quoting 28 U.S.C. § 1291) (emphasis omitted).  A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945).  Here, the district court has not yet entered a final decision regarding Mr. Fuller's claims.  Indeed, as noted, it has not yet screened his complaint under 28 U.S.C. § 1915A.  R. Doc. 54 at 2-3.  We therefore lack jurisdiction to entertain Mr. Fuller's appeal.

## III.

Mr. Fuller's appeal is DISMISSED for want of jurisdiction.  His motion to proceed IFP in this appeal is DENIED.

Entered for the Court

Deanell Reece Tacha
Circuit Judge