**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 16, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

PATRICIA KARLEY MORENO,

    Defendant - Appellant.

No. 23-4102
(D.C. No. 4:22-CR-00063-RJS-PK-2)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **BALDOCK**, and **ROSSMAN**, Circuit Judges.[**]
_____

In November 2022, Defendant Patricia Moreno pleaded guilty to one count of Possession of Fentanyl with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1). In April 2023, the district court sentenced Defendant to a below Guidelines sentence of 84 months imprisonment with credit for time served. Two months later, Defendant submitted a pro se letter to the district court stating she was not taking her psychiatric medications at the time she pleaded guilty and therefore "did not agree to what [she] was signing." The

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

district court retitled Defendant's letter as a motion to withdraw her plea and denied it under Federal Rule of Criminal Procedure 11(e) because the rule does not allow her to withdraw her guilty plea after sentencing.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.  "[A] district court may not set aside a guilty plea after a defendant has been sentenced, except as a consequence of a direct appeal or through a collateral proceeding."  *United States v. Stang*, 2023 WL 7670655, at *1 (10th Cir. 2023) (citing Fed. R. Crim. P. 11(e) ("After the court imposes sentence, the defendant may not withdraw a plea of guilty . . . , and the plea may be set aside only on direct appeal or collateral attack.")).  This is not a direct appeal of Defendant's conviction or sentence, nor can it be construed as a 28 U.S.C. § 2255 motion. Accordingly, the district court correctly concluded it lacked jurisdiction to consider Defendant's motion.

Defendant also asserts for the first time on appeal that she qualifies for a retroactive sentencing reduction under Sentencing Guidelines Amendment 821.  She did not move to reduce her sentence in the district court.  As such, we have no final decision of the district court to review and therefore lack jurisdiction to consider this issue.  28 U.S.C. § 1291; *Rekstad v. First Bank System, Inc.*, 238 F.3d 1259, 1261 (10th Cir. 2001) ("[a]side from a few well-settled exceptions, federal appellate courts have jurisdiction solely over appeals from '*final decisions* of the district courts of the United States.'") (emphasis in original).

For the reasons stated above, we AFFIRM the district court's dismissal of Defendant's motion to withdraw her guilty plea.  Furthermore, we DISMISS Defendant's

appeal of her sentence for lack of jurisdiction.

Entered for the Court


Bobby R. Baldock
Circuit Judge