**FILED**
**United States Court of Appeals**
**Tenth Circuit**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**May 21, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

KIRSTEN W., individually and on
behalf of C.W., a minor,

     Plaintiff - Appellant,

v.

CALIFORNIA PHYSICIANS'
SERVICE, d/b/a Blue Shield of
California; TRINET GROUP, INC.
SECTION 125, SECTION 129, AND
FLEXIBLE SPENDING ACCOUNT
PLAN,

     Defendants - Appellees.

No. 25-4029
(D.C. No. 2:19-CV-00710-DBB)
(D. Utah)

## ORDER AND JUDGMENT*

Before **BACHARACH**, **EBEL**, and **FEDERICO**, Circuit Judges.

---

    * After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

Kirsten W. filed the operative complaint in this case on behalf of herself and her minor son, C.W., after their health benefits plan denied claims for medical expenses arising out of C.W.'s treatment at two behavioral health facilities. On cross-motions for summary judgment, the district court granted summary judgment to the plaintiffs on one claim, to one defendant on another claim, and granted summary judgment as to another defendant on all claims. But the district court remanded one issue – the determination of benefits – back to the health benefits plan administrator.

Kirsten filed a notice of appeal, but we noted a possible jurisdictional defect and ordered the parties to address whether the district court's summary judgment order constituted a final judgment for the purposes of our appellate jurisdiction. *See* 28 U.S.C. § 1291. Having reviewed the briefs and the record, we conclude that we lack jurisdiction and accordingly dismiss the appeal.

**I**

This appeal arises out of a case stretching back to 2019, when Kirsten W. first filed suit against California Physicians' Service (doing business as Blue Shield of California) and Trinet Group, Inc. The second amended and currently operative complaint alleges that in denying benefits to Kirsten and her son under their health plan, Blue Shield and Trinet violated the

Employee Retirement Income Security Act of 1974 (ERISA) and the Mental Health Parity & Addiction Equity Act of 2008 (the Parity Act). As alleged, Trinet is the plan covered by ERISA and the Parity Act, while Blue Shield is the agent and administrator of the plan. Blue Shield concluded that C.W. could have been treated in an outpatient setting and so his treatment at two residential facilities was not medically necessary. Blue Shield denied benefits for each treatment facility on this basis.

On August 2, 2024, both parties moved for summary judgment. Kirsten argued first that Blue Shield's conclusion that C.W. could have been treated in an outpatient setting was arbitrary and capricious in violation of ERISA, and second that Blue Shield's criteria for determining whether to grant or deny benefits for mental health care was more restrictive than criteria for comparable medical or surgical care in violation of the Parity Act. Kirsten acknowledged that the record was insufficient for the district court to award benefits directly, so she asked the court to "remand the case solely for the purpose of allowing Defendants to consider the amount at issue." Aplt. App. I at 102.[1]

---

[1] The record disclosed the amount of benefits owed with respect to one treatment facility but not the other, so the total amount of benefits was still uncertain.

Blue Shield and Trinet argued in their motion that they were entitled to summary judgment on all claims, but at a minimum, Kirsten had "failed to supply any claims or proof of payment upon which the Court could determine entitlement to benefits" with respect to one residential treatment facility. Aple. App. I at 61. Independently, Trinet contended that Kirsten had no evidence of wrongdoing specific to it, so Trinet was entitled to summary judgment on all claims against it. In response, Kirsten reiterated her request for a limited remand and argued that Trinet was culpable for Blue Shield's conduct because the health benefits plan was self-funded.

The district court granted summary judgment to Kirsten on the ERISA claim but granted summary judgment to Blue Shield on the Parity Act claim. With respect to the ERISA claim, the district court found "remand is the appropriate remedy to consider Plaintiff's claims regarding coverage." Aplt. App. I at 221. Nonetheless, the district court warned that remand was not an opportunity for Blue Shield "to reevaluate a claim based on a rationale not raised in the administrative record, and not previously conveyed to plaintiffs." *Id.* (quoting *David P. v. United Healthcare Insurance Company*, 77 F.4th 1293, 1316 (10th Cir. 2023)). Additionally, the district court granted summary judgment to Trinet because "Plaintiff did not request – and the court will not order – an award of benefits for which Trinet could be responsible at this time." Aplt. App. I at 230.

4

The district court entered judgment on February 10, 2025. This timely appeal followed.

## II

With few exceptions not relevant here, the courts of appeals have jurisdiction over "all final decisions of the district courts of the United States." 28 U.S.C. § 1291. The so-called final judgment rule is deceptively simple: we have jurisdiction to review the judgments of the district court only after the work of the district court is completed. *In re Motor Fuel Temperature Sales Practices Litigation*, 641 F.3d 470, 481 (10th Cir. 2011). "A decision is 'final' when it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *S.E.C. v. Merrill Scott & Associates, Ltd.*, 600 F.3d 1262, 1270 (10th Cir. 2010) (quoting *Boughton v. Cotter Corp.*, 10 F.3d 746, 748 (10th Cir. 1993)); *Frank v. Crawley Petroleum Corp.*, 992 F.3d 987, 995 (10th Cir. 2021). This definition of finality generally excludes orders that leave some claims unresolved or leave the question of remedy open. *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 744 (1976).

In the ERISA context, this finality principle is implicated when the appellant seeks review of a district court order that remands part of the dispute back to the plan administrator. Although this court applies a "case-by-case approach" to determining the finality of ERISA remand orders,

*Metzger v. UNUM Life Ins. Co. of America*, 476 F.3d 1161, 1165 (10th Cir. 2007), they "will not be considered final where there are still issues to be resolved on remand and the parties' legal arguments can be considered in a future appeal after these issues are resolved." *Spradley v. Owens-Illinois Hourly Employees Welfare Ben. Plan*, 686 F.3d 1135, 1139 (10th Cir. 2012). And a district court order that remands for the plan administrator to determine the "correct amount" of damages has long been considered non-final under our cases. *Rekstad v. First Bank System, Inc.*, 238 F.3d 1259, 1262 (10th Cir. 2001). This is so because a judgment that fails to "specify a sum certain" for damages is generally non-final, no less so in the ERISA context. *Albright v. UNUM Life Ins. Co. of America*, 59 F.3d 1089, 1092 (10th Cir. 1995).

Under our precedent, then, the district court's decision here was not final for the purposes of appellate jurisdiction. It is undisputed that the district court's judgment did not contain a "sum certain" because it remanded to Blue Shield to determine the amount of benefits owed, if any. *Id.* What's more, the district court's grant of summary judgment to Trinet explicitly contemplated further proceedings: "Any liability attributable to Trinet could only arise *in the future* in the event that, on remand, either (i) [Blue Shield] arbitrarily and capriciously determines that C.W. is not entitled to benefits for his treatment or (ii) [Blue Shield] determines that

6

C.W. is entitled to benefits, but Defendants refuse to pay. In either event, Plaintiff *currently* has no claim against Trinet." Aplt. App. I at 230 (emphasis added).

In addressing this court's jurisdiction, Kirsten primarily argues that the district court's summary judgment order incorrectly "dismissed" her claims against Trinet, the plan itself. Aplt. Juris. Br. at 10 ("Absent the presence of the Plan, Plaintiff-Appellant has no effective means of pursuing" her claims). "To assert error in the decision, or even to be able to demonstrate it, does not invest us with power of review." *Mobile, J. & K.C.R. Co. v. Mississippi*, 210 U.S. 187, 205 (1908). But even if it did, Kirsten never explains why, if Blue Shield determines the total amount of benefits owed but refuses to pay, she cannot then go back to district court and seek relief against Trinet at that point. The conclusory assertion that she cannot do so, without citations to the record or other examples in the caselaw, does not persuade us that our jurisdiction has vested.

Kirsten also argues that the district court's remand order was "boundless," "unbridled," and therefore "inappropriate." Aplt. Juris. Br. at 12–13. This argument again amounts to little more than a claim of error, which again cannot alone confer jurisdiction. And that claimed error will not be rendered unreviewable, as Kirsten asserts, by requiring her to await final judgment to appeal. If Blue Shield exceeds the appropriate scope of

7

remand, Kirsten may raise that issue before the district court in the first instance. If the district court nonetheless awards benefits based on a record compiled in excess of an appropriate remand, Kirsten may seek our review of *that* final judgment. We note, however, that contrary to Kirsten's argument that the district court's remand order lacks appropriate limits on Blue Shield's discretion, the district court set forth precisely the procedural guardrails that Kirsten requested and which this court requires. *David P.*, 77 F.4th at 1315–16.

Finally, to the extent that Kirsten invokes the doctrine of so-called practical finality, we decline to apply it here. We have sometimes suggested that as with orders remanding matters to an administrative agency, we can review remand orders in the ERISA context when "immediate review" is necessary to address "important legal questions which a remand may make 'effectively unreviewable.'" *Graham v. Hartford Life & Accident Ins. Co.*, 501 F.3d 1153, 1157–58 (10th Cir. 2007) (quoting *Rekstad*, 238 F.3d at 1262). We have simultaneously and repeatedly observed, however, that this doctrine has limited force in the ERISA context, should be narrowly construed, and has rarely (if ever) been successfully applied to an ERISA remand order in this circuit. *Albright*, 59 F.3d at 1093–94; *Rekstad*, 238 F.3d at 1262; *Graham*, 501 F.3d at 1158. Whatever life still sustains this doctrine, it can provide Kirsten's appeal with no succor. Kirsten identifies

8

no issue rendered "effectively unreviewable" by requiring her to await a final award of benefits. *Graham*, 501 F.3d at 1158 (quoting *Rekstad*, 238 F.3d at 1262).

### III

At the close of her jurisdictional brief, the appellant asks that if we dismiss the appeal, we also provide additional clarification as to "when Plaintiff-Appellant *should* file a notice of appeal." Aplt. Juris. Br. at 23. We acknowledge that the district court's entry of judgment may have invited the appellant's confusion and clarification request.

To clarify, we approvingly observe the decisions and guidance of other circuit courts that have considered this question. "Ordinarily implicit in a district court's order of remand to a plan fiduciary is an understanding that after a new decision by the plan fiduciary, a party seeking judicial review in the district court may do so by a timely motion filed in the same civil action, and is not required to commence a new civil action." *Petralia v. AT&T Global Information Solutions Co.*, 114 F.3d 352, 354 (1st Cir. 1997); *see also Mead v. Reliastar Life Ins. Co.*, 768 F.3d 102, 113 (2d Cir. 2014); *Card v. Principal Life Insurance Company*, 17 F.4th 620, 625 (6th Cir. 2021) (stating that "the district court retains jurisdiction over the case while the administrator reassesses its benefits decision"); *Stevens v. Santander Holdings USA Inc.*, 799 F.3d 290, 299 (3d Cir. 2015) (stating that the

appellate court's dismissal of a remand order wouldn't prevent a party from appealing later by reopening the district court case and appealing the district court's subsequent decision).

Because the district court retains jurisdiction over the case during the remand process, the entry of judgment and closure of the case on the docket does not prevent further proceedings – hence the non-finality of the remand order and our decision to dismiss this appeal. After the remand process is completed, Kirsten may by motion seek judicial review in the district court in the first instance. Then, once the district court disposes of any post-remand motion(s) filed by the parties in a manner that leaves no room for further proceedings, a party may appeal to this court.

Appeal Dismissed.

Entered for the Court

Richard E.N. Federico
Circuit Judge